COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


PAUL ROBERT SERRANO

MEMORANDUM OPINION[*]
v.    Record No. 0934-00-4                    PER CURIAM
JULY 25, 2000
SARAH McKINLEY SERRANO


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Leslie M. Alden, Judge

(Paul Robert Serrano, pro se, on briefs).

(Sarah McKinley Serrano, pro se, on brief).


Paul Robert Serrano appeals from an order that the circuit judge entered following a hearing on a petition to show cause for contempt.  On appeal, appellant contends that the trial judge erred by (1) ordering him to pay attorney's fees for Sarah McKinley Serrano, his former wife, without evidence of the parties' ability to pay; (2) amending the statement of facts without notice or a hearing; (3) having a bailiff prevent him from detailing his objections on the order prior to its presentation to the judge and thereby limiting the issues which he could raise on appeal; and (4) disallowing appellant's verbal characterization of his former wife.  Upon reviewing the record and briefs of the

---

* Pursuant to Code § 17.1-413, recodifying Code § 17-116.010, this opinion is not designated for publication.

parties, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the order.  See Rule 5A:27.

I.

Our standard of review is well established.

> Under familiar principles, we view the
> evidence and all reasonable inferences in
> the light most favorable to [wife as] the
> prevailing party below.  "The burden is on
> the party who alleges reversible error to
> show by the record that reversal is the
> remedy to which he is entitled."  We are not
> the fact-finders and an appeal should not be
> resolved on the basis of our supposition
> that one set of facts is more probable than
> another.

Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859

(1992) (citations omitted).

The record establishes that appellant's former wife filed a

petition to require appellant to show cause why he should not be

held in contempt for repeatedly failing to pay child support as

ordered.  The petition referenced an order entered January 22,

1999, which recited that "if payment of child support is not

made on date due, [appellant] shall pay all attorney fees

incurred by [his former wife] in Court while pursuing

collection."  In response, appellant denied that there was any

support arrearage and referred to a November 9, 1998 order

reducing the monthly child support payment from $529 to $523 as

of October 1, 1998.  Following a hearing, the trial judge found

that no arrearage existed but that appellant had violated the

order by habitually failing to timely pay child support. By order entered January 28, 2000, the trial judge ordered appellant "to make his child support checks payable to [his former wife] and to send them directly to her in a manner calculated to arrive by the 1st day of each month." The trial judge also ordered husband to pay $200 in wife's attorney's fees.

## II.

An award of attorney's fees is a matter submitted to the sound discretion of the trial judge and is reviewable on appeal only for an abuse of discretion. See Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987). The key to a proper award of attorney's fees is reasonableness under all the circumstances. See McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985).

The trial judge found that appellant's tardy payments violated the prior court order, which also provided for an award of attorney's fees in the event appellant failed to make timely payments. In view of the prior order's proscription, the trial judge was not required to receive financial information from the parties prior to ordering appellant to pay $200 in attorney's fees. Based on the issues involved and the amount of the award, the award was reasonable, and the trial judge did not abuse her discretion in making the award.

III.

A party who seeks to provide a written statement in lieu of a transcript must mail a copy of the proposed statement to opposing counsel "accompanied by notice that such statement will be presented to the trial judge no earlier than 15 days nor later than 20 days after such filing."  Rule 5A:8(c).  Although appellant filed a proposed written statement of facts on March 23, 2000, certifying that a copy was mailed to his former wife's counsel, he did not provide notice of a timely date of presentation.  See id.  When appellant's former wife filed no objections to the written statement, the trial judge corrected the proposed statement.

By failing to notice a date for presentation of the written statement to the trial judge, appellant failed to establish prima facie compliance with the requirements of Rule 5A:8.  Therefore, unless the trial judge's action cured the defect, we are bound to rule that appellant failed to make the written statement of facts a part of the record on appeal, see Clary v. Clary, 15 Va. App. 598, 425 S.E.2d 821 (1993) (en banc); cf. Proctor v. Town of Colonial Beach, 15 Va. App. 608, 425 S.E.2d 818 (1993) (en banc), and dismiss the appeal.  Significantly, however, unlike the circumstances in Clary, the trial judge corrected and signed appellant's proposed written statement.

Although appellant complains that the trial judge failed to provide notice and hold a hearing prior to making the corrections, appellant may not be heard to complain that the trial judge erred by correcting and signing the proposed statement.  "The burden is upon the appellant to provide us with a record which substantiates the claim of error.  In the absence thereof, we will not consider the point."  Jenkins v. Winchester Dep't of Soc. Servs., 12 Va. App. 1178, 1185, 409 S.E.2d 16, 20 (1991).  But for the trial judge's certification, the written statement would not be included in the record because husband failed to comply with Rule 5A:8(c) in making the written statement a part of the record.  Rule 5A:8(d) authorizes the trial judge to "make any corrections that [she] deems necessary" in the proposed written statement of facts.  "The judge's signature on a transcript or written statement, without more, shall constitute [her] certification that the procedural requirements of this Rule 5A:8 have been satisfied."  Rule 5A:8(d).  Therefore, we hold that appellant's challenge to the written statement of facts lacks merit.

Appellant has requested this Court to accept his unmodified written statement of facts or to refer the statement back to the trial court.  For the reasons stated above, we find no error in the trial judge's modification of the written statement of facts.  We therefore deny the motion.

- 5 -

IV.

Appellant contends he was prevented by the bailiff from detailing his objections to the order prior to its presentation to the judge, hampering his ability to preserve his objections on appeal.  The order includes a handwritten statement that "Bailiff prevented me from completing this."  The record contains no other support for appellant's allegations.  Indeed, appellant's proposed statement of facts contains no reference to this complaint.

Timely objections to a court's order may be preserved in a number of ways, of which handwriting objections on the face of the order is only one option.  See Lee v. Lee, 12 Va. App. 512, 515-16, 404 S.E.2d 736, 738 (1991) (en banc).  For example, a party may prepare a separate document containing objections to be included in the record or file a motion for reconsideration.  Thus, assuming arguendo that the record supported appellant's allegations that he was impeded in his effort to list all his objections at the time the order was presented to the trial judge, he retained other means by which he could preserve his exceptions to the order.  We find no indication he exhausted these other alternatives, and we further note that appellant did not include in his brief to this Court a statement of any objections he was prevented from including on the order.  Therefore, we find no merit in this contention.

V.

Appellant alleges that the trial judge erred by not allowing him to characterize his wife as "crazy." Nothing in the statement of facts suggests that the trial judge made such a ruling or, if she did, the context in which such a ruling was made. Moreover, the trial judge clearly has the discretionary authority to determine the conduct of the trial. See Justus v. Commonwealth, 222 Va. 667, 676, 283 S.E.2d 905, 910 (1981). Appellant's claim that the trial judge committed reversible error by refusing to allow him to use the word "crazy" to characterize another person lacks merit.

Finally, appellant filed a motion seeking an extension of time to include an additional document in the appendix. He has failed to demonstrate that the document is relevant to the matters raised in his appeal. See Rule 5A:25(g). On our review, we have access to all documents that are part of the record of the case. Therefore, the motion is denied.

Accordingly, the order of the circuit court is summarily affirmed.

Affirmed.