**Alexandria**

WILLIAM CHARLES JORDAN

v.

ANNA A. JORDAN

No. 1796-89-4

Decided March 19, 1991

COUNSEL

A. Andrew Giangreco, for appellant.

No brief or argument for appellee.

OPINION

**KOONTZ, C.J.**—On June 27, 1989, the trial court granted Anna A. Jordan, appellee, a divorce *a vinculo matrimonii*, made equitable distribution of the parties' marital property and awarded Mrs. Jordan $500 monthly permanent spousal support in addition to $92.30 from the military retirement fund of William Charles Jordan, appellant. Subsequently, Mr. Jordan filed a motion to modify spousal support, which the court denied after hearing evidence ore tenus. This appeal arises from the October 24, 1989 final order denying that motion. On appeal, Mr. Jordan raises three issues. However, we find Mr. Jordan's assertion that the trial court violated Rule 5A:8 when it adopted verbatim Mrs. Jordan's written statement of the facts is dispositive of this appeal. We find the trial court erred.

After his motion to modify spousal support was denied, Mr. Jordan initiated this appeal on November 28, 1989 by serving Mrs. Jordan with notice and a written statement of facts, returnable Friday, December 15, 1989. On the return date, Mrs. Jordan filed her objections to this statement of facts. The following Monday, December 18, 1989, Mrs. Jordan submitted to the trial judge her own counter-statement of facts that was composed of Mr. Jordan's statement of facts combined with her amendments. She also sent a copy to Mr. Jordan via a facsimile machine. That same day, the court entered Mrs. Jordan's amended statement of facts. Two days later, Mr. Jordan filed his objections to Mrs. Jordan's counter-statement of facts.

Rule 5A:8 governs the establishment of the record on appeal. "[A] written statement of facts becomes a part of the record only if all of the requirements of Rule 5A:8 are complied with by

the parties and the trial judge." *Mayhood v. Mayhood*, 4 Va. App. 365, 368-69, 358 S.E.2d 182, 184 (1987). The provisions of this rule are clear and uncomplicated. Pertinent to this appeal, where the parties have not agreed upon the accuracy or completeness of the statement, Rule 5A:8(c)(1) requires a party submitting a written statement of facts to deliver a copy "to opposing counsel accompanied by notice that such statement will be presented to the trial judge no earlier than 15 days nor later than 20 days after" it has been filed with the clerk of the trial court. Opposing counsel may then file objections to the written statement on the grounds that it is erroneous "within 15 days after the date the notice of filing the written statement . . . is filed" in the clerk's office. Rule 5A:8(d).

In the present case, Mr. Jordan complied with the provisions of Rule 5A:8. Thereafter, Mrs. Jordan filed her objections to the statement of facts submitted by Mr. Jordan and sent her counter-statement of facts directly to the trial judge without giving Mr. Jordan prior notice. Thus, the trial court was on notice that the provisions of Rule 5A:8(d) were applicable. However, without permitting Mr. Jordan the opportunity to file his objection to Mrs. Jordan's counter-statement of facts within the permitted fifteen days, the trial court adopted verbatim her written statement of facts. Thus, the trial court erred when it acted without considering Mr. Jordan's objections, which were timely filed. Moreover, this error requires a reversal because we do not have the proper record before us and without a proper record, we cannot make a merit determination of the remaining issues raised in this appeal.

Accordingly, we reverse the trial court's order of October 24, 1989 insofar as it denied Mr. Jordan's motion for a modification of the prior spousal support award. We remand this case either for a rehearing on the merits based on the existing circumstances or for the creation of a proper record for our review pursuant to the provisions of Rule 5A:8.

*Reversed and remanded.*

Benton, J., and Keenan, J., concurred.