COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Annunziata and Senior Judge Duff


LANDON T. A. SUMMERS

                                           MEMORANDUM OPINION[*]
v.    Record No. 1968-98-4                    PER CURIAM
                                            AUGUST 3, 1999
MARCIA L. B. SUMMERS


                FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                        David T. Stitt, Judge

            (Dr. Landon Summers, pro se, on brief).

            (David E. Roop, Jr.; Condo & Masterman, on
            brief), for appellee.


     Landon T.A. Summers (father) appeals the July 31, 1998

decision of the circuit court denying his motion to mediate.

Father contends that the trial court erred by (1) asking counsel

for Marcia L.B. Summers (mother) to submit a written statement of

facts out of time and without notice to father; (2) demonstrating

judicial malfeasance and bias by refusing to hear father's motion

to strike; (3) sanctioning father for proceeding despite the trial

court's purported lack of jurisdiction; (4) failing to find

mediation was required by the local rules; (5) sanctioning father

for seeking the required mediation; (6) refusing to follow any and

all required procedures as to mediation; (7) ruling that a final

order had been entered and that the trial court lacked

---

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

jurisdiction; (8) finding that the trial court lacked jurisdiction when there were multiple final orders entered; (9) denying father due process of law by issuing multiple final orders; (10) entering multiple final orders with the purported approval of the Court of Appeals; (11) entering multiple final orders without a clear, explicit reservation of jurisdiction; and (12) sustaining mother's objections to father's written statement of facts when that written statement of facts was presented out of time and without notice to father.  Mother argues the decision should be affirmed and seeks an award of appellate attorney's fees.  Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the decision of the trial court.  See Rule 5A:27.

This is father's fourth appeal arising from the circuit court's decisions on custody, visitation, and support.  In an earlier appeal, father sought review of the trial court's interlocutory decree awarding permanent custody to appellee. This Court summarily affirmed that decree.  See Summers v. Summers, No. 2669-97-4 (Va. Ct. App. Nov. 10, 1998).  The Supreme Court of Virginia dismissed father's petition for appeal.  See Summers v. Summers, No. 990067 (Va. Feb. 17, 1999).  Father also filed an appeal from the trial court's final decree of divorce entered on October 27, 1998.  This Court summarily affirmed that decision.  See Summers v. Summers, No. 2759-98-4 (Va. Ct. App. Jun. 15, 1999).  Father's appeal of the pendente lite support

-

order was dismissed for lack of appellate jurisdiction.  See
Summers v. Summers, No. 2826-97-4 (Va. Ct. App. July 6, 1998).

In this appeal of the trial court's denial of the motion
for mediation, father may not raise again any issues previously
decided by this Court in his previous appeals.  "A valid,
personal judgment on the merits in favor of defendant bars
relitigation of the same cause of action, or any part thereof
which could have been litigated between the same parties and
their privies."  Bates v. Devers, 214 Va. 667, 670-71, 202
S.E.2d 917, 920-21 (1974) (footnote and emphasis omitted).
Accordingly, because we previously decided issues 8 through 11
in father's earlier appeals, we do not address those issues in
this appeal.

### Written Statement of Facts

Father raises several challenges to the trial court's
approval of the written statement of facts.  Those claims lack
merit.

The record indicates that the order denying father's motion
for mediation was entered on July 31, 1998.  Father filed his
proposed written statement of facts on September 24, 1998.
Within fifteen days of father's filing, on October 8, 1998,
mother's counsel filed objections to father's written statement
of facts and an alternative written statement of facts, with
service upon father.  Father filed his objections to mother's
proposed written statement of facts on October 13, 1998.  On

-

October 19, 1998, the trial court entered its written statement of facts, which in substantial part adopted mother's proposed written statement of facts.

Rule 5A:8 provides, in pertinent part, as follows:

> (d) Objections. – Any party may object to a transcript or written statement on the ground that it is erroneous or incomplete. Notice of such objection specifying the errors alleged or deficiencies asserted shall be filed with the clerk of the trial court . . . within 15 days after the date the notice of filing the written statement (subsection (c) of this Rule) is filed in the office of the clerk of the trial court . . . .

The objections filed by mother's counsel and the proposed alternative written statement of facts were timely filed. Rule 5A:8(d) does not expressly require the party filing objections to a previously submitted written statement of facts to notice a separate hearing. Father received notice of mother's filing and exercised his option of responding to mother's objections and proposed alternative written statement of facts. Cf. Jordan v. Jordan, 12 Va. App. 96, 402 S.E.2d 246 (1991).

When the parties elected to rely upon a written statement of facts, they deferred to the authority of the trial judge to make any changes or corrections he deemed necessary to correct the record for appeal. Under an additional provision, Rule 5A:8(d) provides:

> [w]ithin ten days after the notice of objection is filed with the clerk of the trial court, the judge shall:

-

> (1) overrule the objection; or
>
> (2) make any corrections that he deems necessary; or
>
> (3) include any accurate additions to make the record complete; or
>
> (4) certify the manner in which the record is incomplete; and
>
> (5) sign the transcript or written statement.

We have reviewed father's proposed written statement of facts, mother's objections and alternative proposed written statement of facts, and father's objections to mother's proposed written statement of facts. Father's proposed written statement encompassed matters beyond the scope of the July 31, 1998 hearing, as well as legal arguments and conclusions not properly included in a written statement of facts. Therefore, we find no abuse of discretion in the trial court's decision to accept mother's proposed written statement, as amended.

Father alleges that the trial judge had improper _ex parte_ communication with mother's counsel and that the judge had a private hearing with mother's counsel. Father contends that this demonstrates judicial favoritism for mother's counsel and bias against him. We find no support for father's allegations. The record indicates, at most, that the trial judge elected to use the written statement of facts included in mother's objections and that the judge's law clerk notified mother's counsel that he was to submit the written statement of facts for

-

entry. Father was served with a copy of mother's objections, including the proposed alternative written statement of facts. He also was notified that it would be presented for entry by the trial court on October 19, 1998. Nothing in the record indicates that the trial judge had any improper communication with mother's counsel or that he conducted a hearing with mother's counsel. There is no prohibition on ex parte communications that are merely administrative in nature. See Ellis v. Commonwealth, 227 Va. 419, 423, 317 S.E.2d 479, 481 (1984). The record contains no indication of bias against father or favoritism towards mother's counsel.

Father also alleges that the trial judge erred by refusing to consider his motion to strike mother's written statement of facts. Father's motion was filed on October 20, 1998, after father had filed his objections to mother's written statement of facts and after the trial judge had signed the written statement of facts. Father was afforded an opportunity to object to the written statement, which he exercised. The trial court did not err in failing to address a supplementary filing neither authorized under Rule 5A:8 nor filed prior to approval of the written statement of facts. We find no merit in father's assertion that his right to appeal was harmed.

## Mediation

Father contends that the trial judge was required to grant his request for mediation. Father previously raised this

-

contention in his appeal No. 2759-98-4.  As we stated in that
decision,

> [n]o statute requires mediation.  Under Code
> § 20-124.4, trial courts have discretionary
> authority to refer parties in "any
> appropriate case" to evaluation for possible
> mediation services.  We find no abuse of
> discretion in the trial court's refusal to
> forward this case for mediation evaluation.
> The father's allegations that he was denied
> due process and equal protection of the law
> because his request for mediation was denied
> are without merit.

Summers, No. 2759-98-4, at 12.  Father's further arguments based
upon the trial court's refusal to order mediation in this case
are without merit.

<h2 align="center">Sanctions</h2>

Father contends that the trial court erred by awarding
mother sanctions against him in connection with his motion for
mediation.  At the time father filed his motion for mediation on
July 24, 1998 in Chancery No. 147468, father's appeal of the
custody order was pending before this Court.  In addition, by
order dated May 1, 1998, the trial court denied a previous
motion for mediation father filed on April 17, 1998 because
"there was a Final Custody Decree dated December 18, 1997."

When father filed his additional motion for mediation on
July 24, 1998, he made certain arguments based upon his
interpretation of the legal effect of pleadings filed in the
Supreme Court litigation initiated by his Writ of Prohibition or
in the pending custody appeal.  Father's motion did not allege

-

that a cognizable change in condition occurred in the two months since his previous motion for mediation was denied. There was no change in the fact that the trial court lacked jurisdiction to modify the custody order that was pending in this Court pursuant to father's appeal. In our opinion affirming the trial court's custody decision, this Court also denied father's motion for leave to proceed with mediation.

"The orderly administration of justice demands that when an appellate court acquires jurisdiction over the parties involved in litigation and the subject matter of their controversy, the jurisdiction of the trial court from which the appeal was taken must cease." Greene v. Greene, 223 Va. 210, 212, 288 S.E.2d 447, 448 (1982). Despite the trial court's denial of his first motion to mediate and despite the pendency of his appeal of the custody decision, father filed another motion to mediate. We cannot say, upon reviewing the record as a whole, that the trial court erred by sanctioning father in the amount of $300 pursuant to Code § 8.01-271.1.

### Mother's Request for Appellate Attorney's Fees

Mother seeks an award of attorney's fees incurred on appeal and an award of sanctions. Father, although proceeding pro se, has a law degree. His numerous appeals have included many of the same issues. We find that mother should be compensated for the expenses incurred defending this appeal. See, e.g., O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98,

-

100 (1996); <u>Gottlieb v. Gottlieb</u>, 19 Va. App. 77, 95-96, 448 S.E.2d 666, 677 (1994). We remand this case to the trial court solely to determine the amount of appellate attorney's fees to be awarded mother.

Accordingly, the decision of the circuit court is summarily affirmed.

<u>Affirmed and remanded.</u>

-