COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judges Elder and Beales
Argued at Richmond, Virginia


WALTER H.C. DRAKEFORD
                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1919-06-4                      JUDGE RANDOLPH A. BEALES
                                                        AUGUST 5, 2008
LISA M. DRAKEFORD


                    FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                              Benjamin N.A. Kendrick, Judge

              Corey L. Poindexter for appellant.

              Elaine M. Vadas (Grenadier, Anderson, Simpson, Starace & Duffett,
              P.C., on briefs), for appellee.


        Walter H.C. Drakeford (appellant/husband) in his opening brief to this Court presented

two assignments of error.  First, appellant argued that the trial court erred in finding him in

contempt of court following his failure to pay an installment of a monetary award to Lisa M.

Drakeford (appellee/wife).  In addition, appellant asserted that the trial court violated Rule 5A:8

by adopting appellee's written statement of facts without first giving him adequate opportunity to

file his objections.

        On September 25, 2007, we held the trial court violated Rule 5A:8 by not allowing

appellant the opportunity to file objections within fifteen days to appellee's statement of facts,

and we remanded to the trial court for entry of a written statement of facts that complied with

Rule 5A:8.  See Drakeford v. Drakeford, Record No. 1919-06-4 (Va. Ct. App. Sept. 25, 2007).

Upon remand, the trial court considered but overruled appellant's objections to appellee's

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

statement of facts. The trial court certified and forwarded to this Court appellee's written statement of facts, thereby providing us with a proper record to address the other issue presented on appeal.

The sole issue remaining in this appeal, therefore, is whether the trial court erred in finding husband in contempt for failure to pay an installment of a court-ordered monetary award. Specifically, appellant contends the trial court erred by entering a rule to show cause during an automatic stay that went into place after appellant filed a petition for relief under Chapter 13 of the Bankruptcy Code.[1] For the reasons that follow, we affirm the judgment of the trial court.

I.

Pursuant to a final divorce decree, husband was ordered to pay a monetary award of $100,000 to wife. This award was payable in three installments: the first installment of $25,000 was due on September 30, 2005; the second installment of $50,000 was due on June 1, 2006; the final installment of $25,000 was due on June 1, 2007.

In October 2005, wife filed a rule to show cause following husband's failure to pay the first installment. During the November 4, 2005 hearing on the rule to show cause, husband testified that he had filed for bankruptcy protection on the evening of November 3, 2005.[2] Nevertheless, the trial court found husband in contempt of court and incarcerated husband until

---

[1]      When a bankruptcy petition is filed, most judicial actions against the debtor commenced before the filing of the petition are automatically stayed. See 11 U.S.C. § 362(a)(1). The automatic stay gives the bankruptcy court an opportunity to harmonize the interests of both debtor and creditors while preserving the debtor's assets for repayment and reorganization of his or her obligations.

Bogart v. Bogart, 21 Va. App. 280, 285, 464 S.E.2d 157, 159 (1995).

[2] At a later hearing, husband told the trial court that the bankruptcy court had dismissed his November 2005 petition for failure to comply with the relevant bankruptcy rules.

he tendered a certified check to wife in the amount of $25,000. Husband did not appeal that contempt finding.

According to the statement of facts, "[o]n or about June 7, 2006," wife filed another rule to show cause following husband's failure to pay the second installment that was due on June 1, 2006. The trial court set a hearing for July 7, 2006, although from the record it is not clear on what date the court actually set the July 7 hearing. Neither the statement of facts nor the court's record demonstrates that the trial court entered any orders or took any action, other than to set the hearing date, before July 7, 2006.

On May 26, 2006, husband filed for bankruptcy protection under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Middle District of Florida, Tampa Division. Pursuant to 11 U.S.C. § 362(c)(3)(A), an automatic stay went into effect, which spanned thirty days from the date of filing. A January 17, 2007 order from the bankruptcy court confirmed that the automatic stay terminated on June 26, 2006. On January 24, 2007, husband voluntarily withdrew this bankruptcy petition.

At the July 7, 2006 hearing, appellant argued that the automatic stay, which had expired on June 26, 2006, prevented the court from enforcing the monetary award. The trial court disagreed and found appellant in contempt for failure to pay the second installment of the award. Husband was taken into custody and remained there for approximately ten minutes, at which time his daughter tendered certified checks totaling $50,000 made payable to wife. Husband was then immediately released from custody.

In this appeal, husband does not contest the validity of the monetary award. Husband does not dispute that he actually owed wife the $50,000 installment payment.[3] As counsel for husband acknowledged at oral argument, husband was actually guilty of contempt of court -- by the time of the July 7, 2006 hearing -- for failing to pay to wife the second installment. Furthermore, husband conceded during oral argument that, even if this Court were to agree with him and order wife to refund the $50,000 installment payment to him, he would still owe wife the $50,000 under the terms of the final divorce decree. Therefore, the question of whether appellant owes the second installment of the monetary award to wife is not in controversy and, as it is paid, is moot. See Harrison v. Ocean View Fishing Pier, LLC, 50 Va. App. 556, 570, 651 S.E.2d 421, 428 (2007) (noting "our duty 'to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it'" (quoting Potts v. Mathieson Alkali Works, 165 Va. 196, 225, 181 S.E. 521, 533 (1935))).

Husband conceded at oral argument that the record does not show that the trial court took any action to actually enforce the monetary award during the period of the automatic stay (May 26, 2006 to June 26, 2006).[4] The automatic stay expired approximately two weeks before the trial court's hearing on July 7, 2006, when the court did take some action against husband. Thus,

---

[3] In addition, as noted above, husband voluntarily withdrew his Chapter 13 bankruptcy petition on January 24, 2007.

[4] Our review is limited to the record before us on appeal.

> [I]n an appellate proceeding this court sits to review and to correct errors of inferior tribunals. In exercising this jurisdiction we are limited to the record of the proceedings which have taken place in the lower court and have been there settled and certified to us. In reviewing such proceedings extrinsic evidence may not be received by us to contradict or add to the record.

Ward v. Charlton, 177 Va. 101, 107, 12 S.E.2d 791, 792 (1941).

the trial court did not take any action that affected husband's property or his bankruptcy estate during the thirty-day automatic stay. Accordingly, appellant's assertion that the trial court's actions violated the automatic stay lacks merit. In short, the trial court did not err when it held husband in contempt on July 7, 2006 after the automatic stay from the May 26, 2006 filing of the bankruptcy petition had expired.

## II.

Wife requests an award of attorney's fees and costs related to this appeal.

> The rationale for the appellate court being the proper forum to determine the propriety of an award of attorney's fees for efforts expended on appeal is clear. The appellate court has the opportunity to view the record in its entirety and determine whether the appeal is frivolous or whether other reasons exist for requiring additional payment.

O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). In light of our decision in this case, we award to wife her reasonable attorney's fees and costs incurred in this appeal.

## III.

For the reasons stated above, we affirm the trial court and remand for the trial court to determine the amount of wife's reasonable attorney's fees and costs related to this appeal.

Affirmed and remanded.

Present:    Judges Benton, Elder and Beales
Argued at Alexandria, Virginia


WALTER H.C. DRAKEFORD

MEMORANDUM OPINION[*] BY

v.        Record No. 1919-06-4        JUDGE RANDOLPH A. BEALES
SEPTEMBER 25, 2007

LISA M. DRAKEFORD


FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
Benjamin N.A. Kendrick, Judge

Corey L. Poindexter (Law Offices of Owaiian M. Jones, on brief),
for appellant.

Elaine M. Vadas (Grenadier, Anderson, Simpson, Starace & Duffett,
P.C., on brief), for appellee.


Walter H.C. Drakeford (appellant) appeals from the issuance of a rule to show cause and

a subsequent finding of contempt for failure to pay an installment of a court-ordered monetary

property award.  Appellant contends the trial court violated Rule 5A:8 when it adopted

appellee's written statement of facts without first giving him adequate opportunity to file his

objections.  Appellant also contends that the issuance of the rule to show cause violated an

automatic stay, entered pursuant to 11 U.S.C. § 362, in place at the time.  We agree that the trial

court erred by not allowing appellant fifteen days to file objections to appellee's written

statement of facts, as required by Rule 5A:8, and we remand.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Appellant filed a notice of appeal to this Court on August 4, 2006. On October 23, 2006, he filed and served upon appellee a written statement of facts and a notice of presentation to the trial judge scheduled for November 9, 2006. Appellee filed and served appellant with objections to those facts on October 27, 2006. Appellee, on November 7, 2006, sent a written statement of facts directly to the trial court without any prior notice to appellant. At the November 9, 2006 hearing, the trial court sustained appellee's objection to appellant's statement of facts and adopted verbatim her version of the written statement of facts.

Rule 5A:8(c) allows a written statement of facts to be made part of the record "in lieu of a transcript." But, "a written statement of facts becomes a part of the record only if all of the requirements of Rule 5A:8 are complied with *by the parties and the trial judge*." Mayhood v. Mayhood, 4 Va. App. 365, 368-69, 358 S.E.2d 182, 184 (1987) (emphasis added). Rule 5A:8(c)(1) requires a party filing a written statement to mail or deliver a copy "to opposing counsel accompanied by notice that such statement will be presented to the trial judge no earlier than 15 days nor later than 20 days after such filing." Thereafter, "Any party may object to a transcript or written statement on the ground that it is erroneous or incomplete . . . within 15 days after the date the notice of filing the written statement . . . is filed in the office of the clerk of the trial court." Rule 5A:8(d).

We addressed facts similar to the case at bar in Jordan v. Jordan, 12 Va. App. 96, 402 S.E.2d 246 (1991). There,

> Mr. Jordan complied with the provisions of Rule 5A:8. Thereafter, Mrs. Jordan filed her objections to the statement of facts submitted by Mr. Jordan and sent her counter-statement of facts directly to the trial judge without giving Mr. Jordan prior notice. . . . [W]ithout permitting Mr. Jordan the opportunity to file his objection to Mrs. Jordan's counter-statement of facts within the permitted fifteen days, the trial court adopted verbatim her written statement of facts.

Id. at 98, 402 S.E.2d at 247. We reversed and remanded, holding "we do not have the proper record before us and without a proper record, we cannot make a merit determination of the remaining issues raised in this appeal." Id.

Likewise, here appellant complied with Rule 5A:8 by filing and serving upon appellee a written statement of facts and a notice of presentation to the trial court. Appellee, like Mrs. Jordan, properly filed objections to appellant's written statement but improperly sent her written statement of facts directly to the trial judge two days before the scheduled hearing without giving appellant prior notice. Appellant, therefore, did not have the opportunity to file objections within the fifteen-day period afforded by Rule 5A:8, and the trial court, consequently, erred by adopting verbatim appellee's statement of facts without giving appellant the opportunity to file objections. As noted above, both the parties and the trial court must comply with the requirements of Rule 5A:8 if a written statement of facts is to become a part of the record on appeal. Mayhood, 4 Va. App. at 368-69, 358 S.E.2d at 184. Because appellee in this case did not comply with Rule 5A:8 and the trial court erroneously adopted her statement of facts without giving appellant adequate opportunity to file objections, we hold that we do not have a proper record before us, and accordingly, we cannot decide the remaining issues in this case.

II.

For the foregoing reasons, we remand this case for a written statement of facts to be entered (and any other relevant proceedings) consistent with this opinion.[1]

Remanded.

---

[1] Appellant asks this Court to "find that the trial court's ruling on the show cause be and hereby [is] void," as its entry violated an automatic stay in place at the time. Despite the lack of a proper record to fully address this question, we recognize that at present, "Neither the Supreme Court nor the Fourth Circuit has squarely addressed whether a transfer in violation of the stay is void or voidable." Cooper v. GGGR Invs., LLC, 334 B.R. 179, 193 (2005). See also Winters v. George Mason Bank, 94 F.3d 130, 136 (4th Cir. 1996) (declining to address "whether it will follow those circuits who find the automatic stay renders actions void, or those circuits who find the automatic stay renders an action merely voidable"). Furthermore, this Court would be unable to fashion any other remedy for an alleged violation of an automatic stay (assuming a violation can be proven under federal bankruptcy law), as the proper forum for such relief is federal bankruptcy court. See 11 U.S.C. § 362(k)(1) (providing for damages resulting from a willful violation of an automatic stay). See also Meadows v. Comm'r, 405 F.3d 949, 954 (11th Cir. 2005) (per curiam) ("actions against creditors for violations of the automatic stay are to be brought in the bankruptcy court . . . it is clear that the bankruptcy court is more knowledgeable . . . about the scope and effect of the automatic stay and about appropriate remedies").

- 4 -