COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Chief Judge Decker, Judges Huff and Callins

DEBRA WOLCOTT

MEMORANDUM OPINION*
v.      Record No. 0783-22-2          PER CURIAM
                                      JANUARY 10, 2023

HENRETTY CONSTRUCTION GROUP, LLC

FROM THE CIRCUIT COURT OF THE CITY OF FREDERICKSBURG
Gordon F. Willis, Judge

(Milton C. Johns; Executive Law Partners, PLLC, on brief), for
appellant.

No brief for appellee.


Debra Wolcott appeals the judgment in her favor on her claims arising from a consumer

transaction. The appellant failed to file the transcripts or written statement of facts necessary to the

appeal pursuant to Rule 5A:8. As a result, we cannot reach her assignments of error. Consequently,

we hold that the appeal is wholly without merit and affirm the trial court's judgment.[1]

BACKGROUND

The appellant filed a complaint against Henretty Construction Group, LLC, (HCG) and

Michael S. Henretty in the circuit court alleging breach of contract, negligence, "property damage,"

violations of the Virginia Consumer Protection Act, and fraud in connection with her purchase of a

modular home. According to the complaint, HCG and Henretty misrepresented the identity of the

manufacturer of the modular home and that mechanical work on the home had been performed by

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] After examining the brief and record in this case, the panel unanimously agrees that because "the appeal is wholly without merit," oral argument is unnecessary. Therefore, we dispense with oral argument in accordance with Code § 17.1-403(ii)(a) and Rule 5A:27(a).

licensed contractors. The complaint further alleged HCG and Henretty failed to perform, or negligently performed, work on the modular home following the purchase.

Henretty filed an answer to the complaint in his individual capacity and as the managing member of HCG. The appellant then filed a motion for default judgment against HCG, and the court granted her motion. She then filed a motion to nonsuit her claims against Henretty in his individual capacity, which the trial court also granted.

The case proceeded to trial on April 12, 2022. The record does not include a transcript of the two-day trial. Following the trial, the court entered judgment against HCG in the amount of $16,930.78 and attorney fees in the amount of $3,400. In its final order, the trial court found that the appellant was "not entitled to the $3,372.67 for the cost of work performed . . . charitably" and that "the collateral source rule does not apply." The court further found that the appellant was "not entitled to treble damages pursuant to the Virginia Consumer Protection Act as the [c]ourt determined that the violations were not willful."

The appellant appeals this judgment and raises several assignments of error.

## ANALYSIS

The appellant contends that the court erred by excluding witness testimony. She also argues that the trial court erroneously held that the collateral source rule did not apply to "repair work performed for [her] free of charge." In addition, the appellant challenges the award of "a minimal amount" of attorney fees and the decision to not award treble damages.

Rule 5A:8(a) requires that for a transcript to be part of the record on appeal, it must be "filed in the office of the clerk of the trial court no later than 60 days after entry of the final judgment." Alternatively, an appellant may submit a written statement of facts in lieu of a transcript in compliance with Rule 5A:8(c). If the appellant fails to "ensure that the record contains transcripts

or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission will not be considered." Rule 5A:8(b)(4)(ii).

We first address whether the record contains transcripts or a written statement of facts in compliance with the rule. "[A] written statement becomes a part of the record" if three conditions are met. *Proctor v. Town of Colonial Beach*, 15 Va. App. 608, 610 (1993) (en banc) (citing Rule 5A:8(c)). The first condition is that the statement is filed in the office of the clerk of the trial court within 60 days after entry of judgment. Rule 5A:8(c)(1). The second condition is that "a copy of the statement is mailed or delivered to opposing counsel along with a notice that the statement will be presented to the trial judge between fifteen and twenty days after filing." *Proctor*, 15 Va. App. at 610. The third condition is "the trial judge signs the statement and the signed statement is filed in the office of the clerk." *Id.* "[O]nce the appellant has complied with the first two elements of Rule 5A:8(c), he or she has established *prima facie* compliance with the requirements of the rule." *Id.*

Here, the record does not include transcripts from the court hearings. The trial court entered its final order on April 26, 2022. On June 20, 2022, the appellant filed a "Written Statement In Lieu of Transcript" in support of her appeal. The written statement of facts did not provide notice to HCG that it would be presented to the trial judge. Nor was the statement signed by the trial judge. *See* Rule 5A:8(c). "Consequently, the statement of facts is not 'a part of the record.'" *See Clary v. Clary*, 15 Va. App. 598, 600 (1993) (en banc) (quoting *Mayhood v. Mayhood*, 4 Va. App. 365, 369 (1987)) (holding that it would be inappropriate to remand for the trial judge to sign the statement because the appellant failed to establish prima facie compliance with Rule 5A:8(c)).

In light of our determination that the written statement of facts in lieu of a transcript is not a part of the record, we must consider whether it or a transcript is indispensable to a determination of the assignments of error. *See id.* "On appeal, we presume the judgment of the

trial court is correct . . . ." *Bay v. Commonwealth*, 60 Va. App. 520, 528 (2012). "The burden is upon the appellant to provide [the reviewing court] with a record which substantiates the claim of error. In the absence [of a sufficient record], we will not consider the point." *Dixon v. Dixon*, 71 Va. App. 709, 716 (2020) (second alteration in original) (quoting *Robinson v. Robinson*, 50 Va. App. 189, 197 (2007)).

For her first assignment of error, the appellant contends that the trial court erred by excluding the testimony of one of her witnesses. The record as it exists, however, fails to show that the court excluded any testimony as the appellant claims. For her second assignment of error, she contends that the trial court erred by holding that the collateral source rule did not apply to the "repair work performed for [her] free of charge." The determination of whether the collateral source rule applies in a breach of contract action depends on the circumstances of each case. *See Dominion Res., Inc. v. Alstom Power, Inc.*, 297 Va. 262, 274 (2019) (holding that a case-by-case analysis is required to determine whether the collateral source rule applies in a breach of contract action). In the absence of a transcript or written statement of facts in lieu of a transcript, we cannot determine whether the specific circumstances in this case warranted the application of the collateral source rule.

Similarly, with regard to the other alleged errors, a transcript or written statement of facts in lieu of a transcript is indispensable in determining whether the trial court abused its discretion by awarding the appellant $3,400 in attorney fees and declining to award treble damages. *See Portsmouth 2175 Elmhurst, LLC v. City of Portsmouth*, 298 Va. 310, 333 (2020) (noting that an appellate court "will set aside a trial court's determination of the amount of attorney[] fees to be awarded only if the court abused its discretion" (quoting *W. Square, L.L.C. v. Commc'n Techs.*, 274 Va. 425, 433 (2007))); *Holmes v. LG Marion Corp.*, 258 Va. 473, 478 (1999) (reviewing for

an abuse of discretion a decision to not award treble damages under the Virginia Consumer Protection Act).

With no record of the arguments the appellant made or the positions she took at trial, we cannot know whether she presented the specific arguments she advances on appeal to the trial court or if her appellate arguments repudiate a position that she may have taken below, let alone whether the court abused its discretion as she claims. *See* Rule 5A:18 (an appellate court will only consider arguments that were timely raised in the trial court); *Nelson v. Commonwealth*, 71 Va. App. 397, 403 (2020) (recognizing that a party may not take inconsistent or contradictory positions during the course of litigation). We conclude that a transcript, or a written statement of facts in lieu of a transcript, is indispensable to a determination of this appeal. *See generally Bay*, 60 Va. App. at 528-29; *Shiembob v. Shiembob*, 55 Va. App. 234, 246 (2009); *Anderson v. Commonwealth*, 13 Va. App. 506, 508-09 (1992); *Turner v. Commonwealth*, 2 Va. App. 96, 99-100 (1986).

The appellant failed to ensure that the record contains the material necessary to permit the Court to resolve the assignments of error she presents on appeal. *See* Rule 5A:8(b)(4)(ii). Therefore, we cannot consider them and affirm the judgment of the trial court. *See Browning v. Browning*, 68 Va. App. 19, 30 (2017) (holding that a Rule 5A:8 error requires affirmance rather than dismissal because it is non-jurisdictional).

CONCLUSION

The appellant's failure to timely file the transcripts or a valid written statement of facts precludes us from considering her assignments of error. Consequently, we affirm the judgment of the trial court.

*Affirmed.*