**Richmond**

EMORY R. CLARY

v.

JUDITH G. CLARY

No. 2327-91-2

Decided January 19, 1993

COUNSEL

E. Falcon Hodges, for appellant.

Carol B. Gravitt (Gravitt & Gravitt, on brief), for appellee.

OPINION

**PER CURIAM**—Pursuant to Code § 17-116.02(D), the Court, on its own motion, heard this case en banc. The issue is whether the written statement of facts that was not signed by the trial judge is a part of the record. *See Mayhood v. Mayhood*, 4 Va. App. 365, 368-69, 358 S.E.2d 182, 184 (1987).

The relevant facts are not in dispute. The circuit court entered a final decree of divorce on November 15, 1991. Appellant's counsel filed a written statement of facts with the trial court on November 22, 1991. Although a copy of the statement of facts was sent to counsel for appellee, that copy was not "accompanied by notice that such statement will be presented to the trial judge no earlier than 15 days nor later than 20 days after such filing." Rule 5A:8(c)(1). Additionally, counsel for appellant did not file a notice of presentation with the clerk of the circuit court, nor did he present the statement of facts to the trial judge. The record was forwarded to the Court of Appeals with the statement of facts unsigned by the trial judge.

We have raised this issue, *sua sponte*, in order to clarify under Rule 5A:8 the obligations of appellants' counsel (and *pro se* litigants) and trial judges concerning the requirements for providing a statement of facts in lieu of a transcript under Rule 5A:8(c) and (d). In *Proctor v. Town of Colonial Beach*, 15 Va. App. 608, 425 S.E.2d 818 (1993) (en banc), decided this day, we stated:

Rule 5A:8(c) states that a written statement becomes a part of the record when (1) it is filed in the office of the clerk of the trial court within fifty-five days after entry of judgment, (2) a copy of the statement is mailed or delivered to opposing counsel along with a notice that the statement will be presented to the trial judge between fifteen and twenty days after filing, and (3) the trial judge signs the statement and the signed statement is filed in the office of the clerk.

The requirement that the trial judge sign the statement of facts is designed to ensure an accurate and complete statement of the

facts and procedural history of the proceeding in the trial court. This requirement does not provide a means by which the trial judge, through design, inattention or inadvertence, may thwart an appeal by neglecting or refusing to sign the statement of facts.

For these reasons, we hold that, once the appellant has complied with the first two elements of Rule 5A:8(c), he or she has established *prima facie* compliance with the requirements of the rule. Thereafter, the trial judge must sign the statement, correct the statement and sign the corrected statement, or, in cases where the judge cannot in good faith recall or accurately reconstruct the relevant proceedings, order a new trial. This Court will not dismiss an appeal where an appellant has established *prima facie* compliance with Rule 5A:8(c)(1). Rather, in such situations, we will remand the case to the trial judge for appropriate action as required by Rule 5A:8(c)(2) or (d).

*Id.* at 610-11, 425 S.E.2d at 820 (footnotes omitted).

■ The procedural facts in this case are not the same as those in *Proctor*. Here, counsel for appellant filed the statement of facts with the clerk of the trial court within fifty-five days after entry of judgment. However, he did not deliver the requisite notice to opposing counsel, and did not present the statement of facts to the trial judge. Accordingly, counsel has not established *prima facie* compliance with the requirements of Rule 5A:8(c)(1). Moreover, because counsel has not established *prima facie* compliance, we hold that a remand for compliance by the trial judge is inappropriate. Consequently, the statement of facts is not "a part of the record." *Mayhood*, 4 Va. App. at 369, 358 S.E.2d at 184.

In light of our determination that the statement of facts is not a part of the record before us, we must consider whether a transcript or statement of facts is indispensable to a determination of the issues on appeal. *See Anderson v. Commonwealth*, 13 Va. App. 506, 508-09, 413 S.E.2d 75, 76-77 (1992); *Turner v. Commonwealth*, 2 Va. App. 96, 99-100, 341 S.E.2d 400, 402 (1986).

The following issues have been raised on appeal: (1) whether the trial court was justified in granting appellee a no-fault divorce; and (2) whether the trial court made a fair and equitable division of the property.

Counsel for appellant argues that we can decide these issues in the absence of a transcript or statement of facts because depositions relating to those issues are included in the record. We disagree. Although the record contains depositions of appellant and his son, the circuit court based its decisions, in part, upon other evidence that this record lacks. Indeed, the final decree states that the court, in reaching its findings, relied "upon evidence heard *ore tenus*."

Because a transcript or statement of facts is indispensable to our determination of the issues presented on appeal, we dismiss the appeal. Appellee's request for sanctions and attorney's fees is denied.

*Dismissed.*

Koontz, C.J., Baker, J., Barrow, J., Benton, J., Coleman, J., Moon, J., Willis, J., Elder, J., Bray, J., and Fitzpatrick, J., concurred.