**Richmond**

EUGENE H. PROCTOR, JR.

v.

TOWN OF COLONIAL BEACH

No. 1538-91-2

Decided January 19, 1993

Counsel

Ivy P. Blue, Jr., for appellant.

Gordon A. Wilkins (Wilkins, Davison & Emery, on brief), for appellee.

Opinion

**PER CURIAM**—Pursuant to Code § 17-116.02(D), the Court, on its own motion, heard this case en banc. The issue is whether the written statement of facts that was not signed by the trial judge is a part of the record. *See* Mayhood v. Mayhood, 4 Va. App. 365, 368-69, 358 S.E.2d 182, 184 (1987).

The relevant facts are not in dispute. The sentencing order was entered on July 25, 1991. Appellant's counsel filed a written statement of facts with the trial court on September 16, 1991. That same day, appellant's counsel filed a "Notice of Filing and Presentation," indicating that the written statement of facts had been filed with the clerk of the circuit court, and that the statement would be presented to the trial judge on October 3, 1991. The statement and notice had certificates appended indicating that copies of each had been delivered to opposing counsel. *See* Rule 5A:8(b).

Appellant's counsel represented to this Court that the statement of facts was presented to the trial judge on October 3, 1991.[1] The trial judge took no action on that date in regard to the statement of facts. On November 4, 1991, appellee's counsel filed an objection to the written statement. On November 6, 1991, appellant's counsel filed a motion to quash the objection, and a notice that the motion to quash would be argued before the trial court on November 13, 1991. The motion was argued on November 13, 1991, and, by order entered that day, the motion was granted and the objection was quashed on the ground that it had not been timely filed. Rule 5A:8(d). However, the trial judge still did not sign or correct and sign the statement of facts. Thereafter, the circuit court clerk, pursuant to Rule 5A:10(d), transmitted the record, including the unsigned statement of facts, to the clerk of the Court of Appeals.

■ We have raised this issue, *sua sponte*, in order to clarify under Rule 5A:8 the obligations of appellant's counsel (and *pro se* litigants) and trial judges concerning the requirements for providing a statement of facts in lieu of a transcript under Rule 5A:8(c) and (d). Rule 5A:8(c) states that a written statement becomes a part of the record when (1) it is filed in the office of the clerk of the trial court within fifty-five days after entry of judgment, (2) a copy of the statement is mailed or delivered to opposing counsel along with a notice that the statement will be presented to the trial judge between fifteen and twenty days after filing, and (3) the trial judge signs the statement and the signed statement is filed in the office of the clerk.

■ The requirement that the trial judge sign the statement of facts is designed to ensure an accurate and complete statement of the facts and procedural history of the proceeding in the trial court. This requirement does not provide a means by which the trial judge, through design, inattention or inadvertence, may thwart an appeal by neglecting or refusing to sign the statement of facts.

■ For these reasons, we hold that, once the appellant has complied with the first two elements of Rule 5A:8(c), he or she has established *prima facie* compliance with the requirements of the rule. Thereafter,

---

[1] The record before this Court contains nothing to indicate that the presentation was in fact made on October 3, 1991. However, in brief and at oral argument, counsel for appellant represented that the presentation was made on that date. Counsel for appellee, who was not counsel on October 3, 1991, does not contest this representation. Accordingly, we accept this uncontradicted representation.

the trial judge must sign the statement, correct the statement and sign the corrected statement, or, in cases where the judge cannot in good faith recall or accurately reconstruct the relevant proceedings, order a new trial.[2] This Court will not dismiss an appeal where an appellant has established *prima facie* compliance with Rule 5A:8(c)(1). Rather, in such situations, we will remand the case to the trial judge for appropriate action as required by Rule 5A:8(c)(2) or (d). Here, it is clear that (1) appellant's counsel filed the written statement of facts in the office of the clerk within fifty-five days after entry of judgment, (2) counsel hand-delivered a copy of the statement to counsel for the appellee, along with a notice that the statement would be presented to the trial judge seventeen days therefrom, and (3) counsel presented the statement to the trial judge on the seventeenth day. Accordingly, counsel has established *prima facie* compliance with the requirement of Rule 5A:8(c).[3]

Although we find that counsel has established *prima facie* compliance, we find nothing in the record to explain or justify why the trial judge did not comply with the requirement of Rule 5A:8(c)(2) or (d) by signing the statement of facts or signing it after it was corrected to accurately recite the facts and procedural history of the case. Therefore, we remand this case to the trial court with instructions to the trial judge to sign the statement, correct the statement as needed and sign the corrected statement, or order a new trial if the judge is unable accurately to recall or reconstruct the relevant proceedings.

---

[2] Rule 5A:8(c) also states that the trial judge "may" sign the statement upon presentation if all parties are in agreement as to its accuracy. Implicit in the use of the permissive "may" is the recognition that the judge is not required to sign a statement that he or she believes is not accurate. In such situations, the judge may modify the statement and sign the modified statement, or, if the judge is unable accurately to recall the pertinent proceedings, order a new trial.

[3] We note that Rule 5A:8(c) states that, if objections to the statement are made, the court must follow the procedure outlined in Rule 5A:8(d). Paragraph (d) of the Rule specifically details the obligations of counsel in filing objections, of the clerk in presenting the objections to the trial judge, and of the trial judge in dealing with the objections. The final obligation in such a case is for the trial judge to sign the written statement.

On this appeal, the parties contend that paragraph (d) of Rule 5A:8 is not implicated because, although an objection to the statement was filed, the objection was quashed due to its untimely nature. We agree. In doing so, we distinguish between the quashing of an objection for untimeliness and the overruling of an objection on its merits. *See* Rule 5A:8(d)(1). Although the instant case does not implicate paragraph (d) of the Rule, our discussion concerning the judge's duties naturally implicates the signing obligation contained in Rule 5A:8(d)(5).

■ In *Mayhood*, we held "that a written statement of facts becomes a part of the record only if all of the requirements of Rule 5A:8 are complied with by the parties and the trial judge." 4 Va. App. at 368-69, 358 S.E.2d at 184. Our holding today does not alter that directive. However, in *Mayhood*, although we did not recognize the statement as part of the record, we also did not elaborate on the trial judge's obligations in relation to the statement of facts, nor did we remand the case for compliance with those obligations. Specifically, in *Mayhood*, we did not remand the case for the trial judge to comply with the obligations under Rule 5A:8 because we vacated the trial judge's decision on other grounds. We take this opportunity to clarify our holding in *Mayhood*.

*Remanded.*

Koontz, C.J., Baker, J., Barrow, J., Benton, J., Coleman, J., Moon, J., Willis, J., Elder, J., Bray, J., and Fitzpatrick, J., concurred.

Baker, J,. concurred in the result.