COURT OF APPEALS OF VIRGINIA

Present:    Judges Humphreys, Beales and Powell

KENNETH FONTAINE

                                                    MEMORANDUM OPINION[*]
v.       Record No. 1606-08-4                              PER CURIAM
                                                     OCTOBER 28, 2008
TINA FONTAINE


                    FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
                              Donald M. Haddock, Judge

                     (Kenneth Fontaine, *pro se*, on brief).

                     No brief for appellee.


        Kenneth Fontaine, appellant, contends the trial court erred in ruling that the effective date of

a protective order was November 15, 2006.  Upon review of the record and the opening brief, we

conclude that this appeal is without merit.  Accordingly, we summarily affirm the decision of the

trial court.  Rule 5A:27.

        The record does not contain a transcript of proceedings.  Appellant timely filed a proposed

written statement of facts with the trial court; however, the trial judge has not signed it.  In Proctor

v. Town of Colonial Beach, 15 Va. App. 608, 425 S.E.2d 818 (1993) (*en banc*), we set forth the

obligations of litigants and trial judges concerning the filing and handling of a written statement

of facts.  We stated:

                Rule 5A:8(c) states that a written statement becomes a part of the
                record when (1) it is filed in the office of the clerk of the trial court
                within fifty-five days after entry of judgment, (2) a copy of the
                statement is mailed or delivered to opposing counsel along with a
                notice that the statement will be presented to the trial judge
                between fifteen and twenty days after filing, and (3) the trial judge

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

signs the statement and the signed statement is filed in the office of the clerk.

Id. at 610, 425 S.E.2d at 819 (footnote omitted).

Appellant complied with element (1) of Rule 5A:8(c); however, he failed to meet the requirements of element (2). Specifically, appellant has not established that "a copy of the statement [was] mailed or delivered to opposing counsel along with a notice that the statement will be presented to the trial judge *between fifteen and twenty days after filing*." Id. (emphasis added). Accordingly, appellant has not established *prima facie* compliance with Rule 5A:8(c)(1).

Because appellant "has not established *prima facie* compliance, we hold that a remand for compliance by the trial judge is inappropriate. Consequently, the statement of facts is not 'a part of the record.'" Clary v. Clary, 15 Va. App. 598, 600, 425 S.E.2d 821, 822 (1993) (*en banc*) (quoting Mayhood v. Mayhood, 4 Va. App. 365, 369, 358 S.E.2d 182, 184 (1987)).

In light of our determination that the statement of facts is not a part of the record, we must consider whether a transcript or statement of facts is indispensable to a determination of the issue on appeal. See Anderson v. Commonwealth, 13 Va. App. 506, 508-09, 413 S.E.2d 75, 76-77 (1992); Turner v. Commonwealth, 2 Va. App. 96, 99-100, 341 S.E.2d 400, 402 (1986).

On appeal, appellant argues that "the protective order has served out a two year statute in March 2008 and I was not found to be a threat to Mrs. Fontaine." Although the absence of a transcript or statement of facts is arguably dispensable to the determination of this issue, the record before us contains nothing that demonstrates error on the part of the trial court.

"An appellate court must dispose of the case upon the record and cannot base its decision upon appellant's petition or brief, or statements of counsel in open court. We may act only upon facts contained in the record." Smith v. Commonwealth, 16 Va. App. 630, 635, 432 S.E.2d 2, 6 (1993). "[O]n appeal the judgment of the lower court is presumed to be correct and the burden is

- 2 -

on the appellant to present to us a sufficient record from which we can determine whether the lower court has erred in the respect complained of." Justis v. Young, 202 Va. 631, 632, 119 S.E.2d 255, 256-57 (1961). "The burden is upon the appellant to provide us with a record which substantiates the claim of error. In the absence thereof, we will not consider the point." Jenkins v. Winchester Dep't of Soc. Servs., 12 Va. App. 1178, 1185, 409 S.E.2d 16, 20 (1991) (citation omitted).

The record properly before us contains the November 15, 2006 protective order, appellant's motions to amend, clarify or dismiss the protective order, and the order from which this appeal derives. Nothing in these documents supports appellant's position on appeal or demonstrates that the trial court's order is in error. Therefore, the presumption that the trial court's judgment is correct remains intact and unrebutted, and we affirm that judgment.

Affirmed.