COURT OF APPEALS OF VIRGINIA


Present:   Judges McClanahan, Haley and Senior Judge Willis


DARRELL D. HATTON

                                                                  MEMORANDUM OPINION[*]
v.        Record No. 0352-10-1                                          PER CURIAM
                                                                     AUGUST 10, 2010
VIRGINIA EMPLOYMENT COMMISSION
  AND NORFOLK STATE UNIVERSITY


                    FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                                  Junius P. Fulton, III, Judge

                 (Darrell D. Hatton, *pro se*, on brief).

                 (Kenneth T. Cuccinelli, II, Attorney General; Cheryl A. Wilkerson,
                 Senior Assistant Attorney General, on brief), for appellee Virginia
                 Employment Commission.

                 No brief for appellee Norfolk State University.


        Darrell D. Hatton appeals the February 2, 2010 order of the circuit court affirming the

Virginia Employment Commission's finding that he was disqualified for unemployment

compensation due to misconduct pursuant to Code § 60.2-618(2).  Hatton raises nine questions

presented asserting his actions did not constitute misconduct and that the standards of conduct

were misused and misapplied.  Upon reviewing the record and briefs of the parties, we conclude

that this appeal is without merit.  Accordingly, we summarily affirm the decision of the trial

court.  See Rule 5A:27.

        The record does not contain a transcript of the trial proceedings.  A written statement of

facts is in the record; however, it has not been signed by the trial judge.  In Proctor v. Town of

Colonial Beach, 15 Va. App. 608, 425 S.E.2d 818 (1993) (*en banc*), we set forth the obligations

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

of litigants and trial judges concerning the filing and handling of a written statement of facts. We stated:

> Rule 5A:8(c) states that a written statement becomes a part of the record when (1) it is filed in the office of the clerk of the trial court within fifty-five days after entry of judgment, (2) a copy of the statement is mailed or delivered to opposing counsel along with a notice that the statement will be presented to the trial judge between fifteen and twenty days after filing, and (3) the trial judge signs the statement and the signed statement is filed in the office of the clerk.

Id. at 610, 425 S.E.2d at 819 (footnote omitted).

Appellant complied with element (1) of Rule 5A:8(c); however, he failed to meet the requirements of element (2). Specifically, appellant has not established that "a copy of the statement [was] mailed or delivered to opposing counsel along with a notice that the statement will be presented to the trial judge *between fifteen and twenty days after filing*." Proctor, 15 Va. App. at 610, 425 S.E.2d at 819 (emphasis added). Accordingly, appellant has not established *prima facie* compliance with Rule 5A:8(c)(1).

Because appellant "has not established *prima facie* compliance, we hold that a remand for compliance by the trial judge is inappropriate. Consequently, the statement of facts is not 'a part of the record.'" Clary v. Clary, 15 Va. App. 598, 600, 425 S.E.2d 821, 822 (1993) (*en banc*) (quoting Mayhood v. Mayhood, 4 Va. App. 365, 369, 358 S.E.2d 182, 184 (1987)).

In light of our determination that the statement of facts is not a part of the record, we must consider whether a transcript or statement of facts is indispensable to a determination of the issues on appeal. See Anderson v. Commonwealth, 13 Va. App. 506, 508-09, 413 S.E.2d 75, 76-77 (1992); Turner v. Commonwealth, 2 Va. App. 96, 99-100, 341 S.E.2d 400, 402 (1986).

We conclude that a transcript or statement of facts is indispensable to a determination of these issues.

"It is the duty of the parties to provide us with a record sufficiently complete to support their legal arguments." Artis v. Jones, 52 Va. App. 356, 364 n.1, 663 S.E.2d 521, 524 n.1 (2008).

"The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). See Rule 5A:18.

This record fails to establish that the issues appealed by appellant were raised in the trial court by an objection with a statement of the reasons therefor.

> We cannot assume that appellant's objection and reasons were proffered but not made a part of the record. Rule 5A:8 requires appellant to present a complete transcript for this Court to consider his or her issues on appeal. Even assuming that the same issues were raised at trial as on appeal, we do not know if counsel stated legal reasons to support his theory or merely argued the weight of the evidence.

Lee v. Lee, 12 Va. App. 512, 516-17, 404 S.E.2d 736, 738-39 (1991) (*en banc*).

Rule 5A:18 bars our consideration of these questions on appeal.

> Although Rule 5A:18 allows exceptions for good cause or to meet the ends of justice, appellant does not argue that we should invoke these exceptions. See e.g., Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) ("In order to avail oneself of the exception, a *defendant must affirmatively show* that a miscarriage of justice has occurred, not that a miscarriage might have occurred." (emphasis added)). We will not consider, *sua sponte*, a "miscarriage of justice" argument under Rule 5A:18.

Edwards v. Commonwealth, 41 Va. App. 752, 761, 589 S.E.2d 444, 448 (2003) (*en banc*).

Accordingly, the judgment of the trial court is summarily affirmed.

Affirmed.