COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, McCullough and Retired Judge Coleman[*]

RONALD ANTHONY LILLEY

v.      Record No. 0307-12-4

JILL WILSON

MEMORANDUM OPINION[**]
PER CURIAM
SEPTEMBER 25, 2012

FROM THE CIRCUIT COURT OF FAUQUIER COUNTY
Herman A. Whisenant, Jr., Judge Designate

(Ronald A. Lilley, *pro se*, on briefs).  Appellant submitting on
briefs.

(Catherine M. Bowers; Walker Jones, PC, on brief), for appellee.
Appellee submitting on brief.


Ronald Anthony Lilley (father) appeals a child support order.  Father argues that the trial

court erred by (1) not imputing income to Jill Wilson (mother); (2) determining that the modified

child support amount would commence as of April 11, 2011, when father was served with notice of

mother's petition to modify child support; (3) awarding $2,000 in attorney's fees to mother for the

child support matter; (4) not accepting his statement of facts; and (5) awarding $2,065 in attorney's

fees to mother for the statement of facts challenge.  Upon reviewing the record and briefs of the

parties, we find no error and affirm the decision of the trial court.

BACKGROUND

The parties married on June 6, 1992.  Three children were born of the marriage.  The

parties separated in September 2003.  On November 14, 2005, the trial court entered an order

---

[*] Retired Judge Coleman took part in the consideration of this case by designation
pursuant to Code § 17.1 400(D).

[**] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

*nunc pro tunc* to September 23, 2005, which incorporated the parties' separation and property settlement agreement dated May 13, 2005 (the Agreement) and modifications to the Agreement as set forth in the August 8, 2005 letter from father's counsel to mother's counsel. On December 22, 2005, the trial court entered a final decree of divorce affirming, ratifying, and incorporating, but not merging, the Agreement and modifications. Father's child support obligation was $984.80 per month, commencing in March 2005.

On April 1, 2011, mother filed a petition to modify child support in the Fauquier County Juvenile and Domestic Relations District Court (the J&DR court). On October 31, 2011, the J&DR court entered an order increasing father's child support obligation. Father appealed to the circuit court.

On January 19, 2012, the trial court heard the parties' evidence and argument.[1] On February 14, 2012, the trial court entered an order granting mother's motion and increased father's child support obligation to $1,584 per month, beginning April 11, 2011, pursuant to the child support guidelines. The trial court also ordered father to pay $2,000 toward mother's attorney's fees.[2] Father timely noted his appeal.

Father subsequently filed a written statement of facts, to which mother objected. On May 3, 2012, the trial court heard argument about the written statement of facts.[3] On May 17, 2012, the trial court entered an order sustaining mother's objections to the written statement of facts and held that father's written statement of facts was

> erroneous and incomplete in that the procedural requirements of
> Rule 5A:8(c) have not been satisfied, . . . [and] includes

---

[1] There is no transcript from this hearing.

[2] The trial court also ruled on issues regarding the children's health insurance coverage and medical expenses, but those issues are not the subject of this appeal.

[3] There is no transcript from this hearing.

inappropriate reference to the Fauquier County Juvenile and
Domestic Relations District Court trial and is argumentative.

The trial court awarded $2,065 for attorney's fees to mother. Father objected to the trial court's rulings.

ANALYSIS

Assignment of Error #1

Father argues that the trial court erred in not imputing income to mother. He contends mother is voluntarily underemployed. In his brief, father refers to items in his appendix that reflect job openings, but mother states in her brief that the trial court refused this exhibit. Father also recites testimony from the hearing to support his argument.

Father signed the child support order as "Seen and Objected to" without further explanation. A statement of "seen and objected to" is insufficient to preserve an issue for appeal. Lee v. Lee, 12 Va. App. 512, 515, 404 S.E.2d 736, 738 (1991) (en banc). In a bench trial, an appellant can preserve his issues for appeal in a motion to strike, in closing argument, in a motion to set aside the verdict, or in a motion to reconsider. Id. Father did not file a motion to set aside the verdict or a motion to reconsider. There is no transcript from the hearing, and the trial court held that father's written statement of facts was "erroneous and incomplete," "argumentative," and did not comply with Rule 5A:8(c). Therefore, there is no record of father's argument to the trial court. Without a transcript or written statement of facts, this Court is unable to determine whether father's assignment of error was preserved pursuant to Rule 5A:18.[4] "Even *pro se* litigants must comply with the rules of court." Francis v. Francis, 30 Va. App. 584, 591, 518 S.E.2d 842, 846 (1999). Accordingly, the trial court's ruling is affirmed.

---

[4] Rule 5A:18 states: "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."

Assignment of Error #2

Father argues that the trial court erred in deciding that the modified child support amount would commence as of April 11, 2011, when father was served with mother's petition. As with the previous assignment of error, father fails to show where he preserved this issue. Rule 5A:18. Therefore, the trial court's ruling is affirmed.

Assignment of Error #3

Father argues that the trial court erred in awarding $2,000 in attorney's fees to mother for the child support matter. He contends the trial court did not consider his arguments of voluntary underemployment and health insurance changes. He also asserts the trial court erred in deducting the attorney's fees from the appeal bond posted from the J&DR court. Furthermore, he questions some of the charges in mother's attorney's fees affidavit.

As with the previous two assignments of error, father fails to show where he preserved this issue. Rule 5A:18. Father cites to letters that he sent to mother's attorney, but there is no indication that the letters were presented to the trial court. Father states that he "noted his concerns" to the trial court, but he did not note his objections on the order. Therefore, the trial court's ruling is affirmed.

Assignment of Error #4

Father argues that the trial court erred in not accepting his written statement of facts. On March 20, 2012, father submitted his written statement of facts in lieu of a transcript. On April 3, 2012, mother filed her objections to the written statement of facts. She argued that father failed to show *prima facie* compliance with Rule 5A:8(c).

In Proctor v. Town of Colonial Beach, 15 Va. App. 608, 425 S.E.2d 818 (1993) (en banc), we set forth the obligations of litigants and trial judges concerning the filing and handling of a written statement of facts. We stated:

> Rule 5A:8(c) states that a written statement becomes a part of the record when (1) it is filed in the office of the clerk of the trial court within fifty-five days after entry of judgment, (2) a copy of the statement is mailed or delivered to opposing counsel along with a notice that the statement will be presented to the trial judge between fifteen and twenty days after filing, and (3) the trial judge signs the statement and the signed statement is filed in the office of the clerk.

Id. at 610, 425 S.E.2d at 819 (footnote omitted).

Father complied with element (1) of Rule 5A:8(c); however, he failed to meet the requirements of element (2). Specifically, father did not prove that "a copy of the statement [was] mailed or delivered to opposing counsel along with a notice that the statement will be presented to the trial judge *between fifteen and twenty days after filing*." Proctor, 15 Va. App. at 610, 425 S.E.2d at 819 (emphasis added).

The trial court noted father's failure to comply with Rule 5A:8(c) when it refused to accept father's statement of facts. Furthermore, the trial court held that the written statement of facts was incomplete because it was "erroneous," "argumentative," and contained inappropriate references to the J&DR court.

Based on father's failure to comply with Rule 5A:8(c), the trial court did not err in refusing to accept father's written statement of facts.

### Assignment of Error #5

Father argues that the trial court erred in awarding $2,065 in attorney's fees to mother for the statement of facts challenge.

On May 3, 2012, mother appeared before the trial court to argue her objections to the written statement of facts. She presented an affidavit, indicating that she incurred $2,065 in attorney's fees for reviewing and addressing the issues regarding the written statement of facts. Father appeared late for the hearing. He contends he was not provided a copy of the attorney's fees affidavit.

- 5 -

"'[A]n award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion.'" Richardson v. Richardson, 30 Va. App. 341, 351, 516 S.E.2d 726, 731 (1999) (quoting Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987)). "[T]he key to a proper award of counsel fees [is] reasonableness under all of the circumstances revealed by the record." McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985).

Father acknowledges the standard of review in this matter, but argues that he should have received a copy of the attorney's fees affidavit even though he was late to the hearing. Father did not present any legal authority to support his argument. See Rule 5A:20(e) (an opening brief shall contain the "standard of review and the argument (including principles of law and authorities) relating to each assignment of error"); see also Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992) (Unsupported assertions of error "do not merit appellate consideration.").

Based on the record, the trial court did not err in awarding mother $2,065 for her attorney's fees incurred in her challenge to the written statement of facts, and its ruling is affirmed.

### Attorney's Fees and Costs

Mother requests an award of attorney's fees and costs incurred in this appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). Having reviewed and considered the entire record in this case, we hold that mother is entitled to a reasonable amount of attorney's fees and costs, and we remand for the trial court to set a reasonable award of attorney's fees and costs incurred by mother in this appeal.

CONCLUSION

For the foregoing reasons, the trial court's ruling is affirmed.  We remand this case to the

trial court for determination and award of the appropriate appellate attorney's fees and costs.

Affirmed and remanded.