COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judge Petty, Senior Judge Annunziata and Retired Judge Coleman[*]


CRYSTAL MARIE LEWIS

MEMORANDUM OPINION[**]

v.     Record No. 0670-12-3          PER CURIAM
                                     JANUARY 8, 2013

PULASKI COUNTY
  DEPARTMENT OF SOCIAL SERVICES


FROM THE CIRCUIT COURT OF PULASKI COUNTY
J. Colin Campbell, Judge

(Roy David Warburton; Warburton Law Offices, on brief), for
appellant.  Appellant submitting on brief.

(Clifford L. Harrison; Suzanne Bowen, Guardian *ad litem* for the
infant child; Harrison & Turk, P.C., on brief), for appellee.
Appellee and Guardian *ad litem* submitting on brief.


Crystal Marie Lewis (hereinafter "mother") appeals the termination of her residual

parental rights to her daughter K.L.  Mother asserts the evidence was insufficient to support the

trial court's decision on a number of grounds.

The record does not contain a transcript of the trial proceedings.  A written statement of

facts is in the record; however, it was not timely filed.  In Proctor v. Town of Colonial Beach, 15

Va. App. 608, 425 S.E.2d 818 (1993) (*en banc*), we set forth the obligations of litigants and trial

judges concerning the filing and handling of a written statement of facts.  We stated:

> Rule 5A:8(c) states that a written statement becomes a part of the
> record when (1) it is filed in the office of the clerk of the trial court
> within fifty-five days after entry of judgment, (2) a copy of the
> statement is mailed or delivered to opposing counsel along with a

---

[*] Retired Judge Coleman took part in the consideration of this case by designation
pursuant to Code § 17.1-400(D).

[**] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

> notice that the statement will be presented to the trial judge
> between fifteen and twenty days after filing, and (3) the trial judge
> signs the statement and the signed statement is filed in the office of
> the clerk.

Id. at 610, 425 S.E.2d at 819 (footnote omitted).

The final order terminating mother's parental rights was entered on March 23, 2012. Mother failed to comply with element (1) of Rule 5A:8(c) because she did not file a statement of facts within fifty-five days after that date. Accordingly, mother has not established *prima facie* compliance with Rule 5A:8(c)(1).

Because mother "has not established *prima facie* compliance, we hold that a remand for compliance by the trial judge is inappropriate. Consequently, the statement of facts is not 'a part of the record.'" Clary v. Clary, 15 Va. App. 598, 600, 425 S.E.2d 821, 822 (1993) (*en banc*) (quoting Mayhood v. Mayhood, 4 Va. App. 365, 369, 358 S.E.2d 182, 184 (1987)).

In light of our determination that the statement of facts is not a part of the record, we must consider whether a transcript or statement of facts is indispensable to a determination of the assignments of error on appeal. See Anderson v. Commonwealth, 13 Va. App. 506, 508-09, 413 S.E.2d 75, 76-77 (1992); Turner v. Commonwealth, 2 Va. App. 96, 99-100, 341 S.E.2d 400, 402 (1986). The trial court terminated mother's parental rights pursuant to Code § 16.1-283(C)(2). Mother presents three assignments of error on appeal:

1. The trial court erred by ignoring the undisputed evidence that the parental bond was strong, appropriate, and facilitated by the Department in concluding that the mother had not remedied the conditions leading to removal.

2. The trial court erred by concluding a serious threat to the child when the record is without evidence to support that conclusion.

3. The trial court erred in its conclusion that numerous instances of drug abstinence were outweighed by two instances of negative behavior.

We conclude that a timely-filed transcript or written statement of facts is indispensable to a determination of these assignments of error. We further conclude that this defect is significant. See Jay v. Commonwealth, 275 Va. 510, 520, 659 S.E.2d 311, 317 (2008). Accordingly, we affirm the trial court's decision.

Affirmed.