COURT OF APPEALS OF VIRGINIA

Present: Judges Petty, Athey and Senior Judge Clements

MONICA MARIE FRITZ

v.     Record No. 1624-19-3

BRIAN JOSEPH FRITZ

MEMORANDUM OPINION*
PER CURIAM
FEBRUARY 4, 2020

FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
Bruce D. Albertson, Judge

(Sherwin John Jacobs, on brief), for appellant. Appellant
submitting on brief.

No brief for appellee.

Appellant, Monica Marie Fritz, by counsel, appeals an order dismissing her complaint

alleging that appellee, Brian Joseph Fritz, breached a mediated agreement to pay child support.

Appellant argues that the circuit court erred in dismissing her complaint because the circuit court

never acquired subject matter jurisdiction over the child custody, visitation, and child support

matters in the divorce action and could not remand them to Rockingham County Juvenile and

Domestic Relations District Court (the JDR court). Upon reviewing the record and briefs of the

parties, we conclude that the circuit court did not err. Accordingly, we affirm the decision of the

circuit court.

BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light

most favorable to the prevailing party, granting it the benefit of any reasonable inferences."

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Tidwell v. Late, 67 Va. App. 668, 673 (2017) (quoting Niblett v. Niblett, 65 Va. App. 616, 622 (2015)).

The parties married on August 23, 2002, and separated on May 15, 2015. The parties have four children, and on January 19, 2016, entered into a "Memorandum of Agreement" (the agreement), which provided, in part, that appellee would pay $540 per month in child support to appellant. The parties also agreed to present the agreement to "the court for affirmation, ratification and incorporation in its entirety in any divorce proceeding that may be instituted."

On January 17, 2018, appellant filed, *pro se*, a complaint for divorce with the circuit court. The complaint for divorce stated that the custody, visitation, and child support matters had "been addressed in an Order dated 2-3-16" from the JDR court and included case numbers from the JDR court. Appellant asked that "the provisions of custody, visitation and support contained in the Order dated 2-3-16 from the Juvenile and Domestic Relations Court for Rockingham County . . . [b]e affirmed and jurisdiction over these matters shall remain with that Court." The complaint did not mention the agreement.

On May 1, 2018, the circuit court entered a final decree of divorce. After conducting an *ore tenus* hearing, the circuit court found that "[i]ssues of custody, support and visitation have been addressed in a February 3, 2016 Order of [the JDR court]." The circuit court ordered that all custody, visitation, and child support matters were transferred to the JDR court "as the more appropriate forum having jurisdiction for the enforcement of the orders of this Court, or for the modification or revision thereof as the circumstances may require." The final decree did not reference or incorporate the agreement.

On January 2, 2019, appellant filed a complaint in the circuit court alleging that appellee had not paid child support as agreed to under the agreement. Appellant admitted that neither party presented the agreement to the circuit court for incorporation into the final decree of

divorce. She also acknowledged that on October 15, 2018, she had filed a petition for child support in the JDR court. Appellant argued that appellee breached the agreement and owed her child support, plus interest, from January 2016 through October 15, 2018. In addition, she requested damages and attorney's fees and costs.

Appellee, acting *pro se*, filed an answer to the complaint and a motion to dismiss. The parties appeared before the circuit court on February 4, 2019, and the circuit court questioned whether "it still had jurisdiction over this matter because the divorce decree . . . transferred all matters involving child support back to the lower court."[1] The circuit court indicated that it "was inclined to think" that it did not have jurisdiction, but allowed the parties to brief the issue. Appellant subsequently submitted a memorandum of law. On March 4, 2019, the parties appeared before the circuit court for a ruling on appellee's motion to strike, which the circuit court granted.[2]

At the request of appellant's counsel, the circuit court issued a letter opinion on April 9, 2019, to explain its ruling. The circuit court found that appellant "falsely asserted that support for the parties' minor children [was] addressed in an order from [the JDR court]." The circuit court further found that appellant "expressly testified [in the divorce matter] that she desired that all matters pertaining to custody, visitation, child support and the future modification thereof be referred to the JDR [c]ourt for enforcement, revision, or modification." The circuit court relied on appellant's representations and entered the final decree of divorce. The parties stipulated in the current matter that the JDR court had not entered a support order as previously stated. Appellant filed a petition for child support after the entry of the final decree of divorce, and the child support matters were pending in the JDR court at the time of the circuit court hearing. The

---

[1] The record does not include a transcript of the February 4, 2019 hearing.

[2] The record does not include a transcript of the March 4, 2019 hearing.

circuit court "declined to exercise concurrent jurisdiction" and dismissed, without prejudice, appellant's complaint. The circuit court entered an order memorializing its ruling on April 25, 2019. Appellant timely noted her appeal.

On May 30, 2019, appellant timely filed a written statement of facts and mailed a copy to appellee. The statement of facts was not signed by the trial judge. In Proctor v. Town of Colonial Beach, 15 Va. App. 608 (1993) (*en banc*), we set forth the obligations of litigants and trial judges concerning the filing and handling of a written statement of facts.

> Rule 5A:8(c) states that a written statement becomes a part of the record when (1) it is filed in the office of the clerk of the trial court within fifty-five days after entry of judgment, (2) a copy of the statement is mailed or delivered to opposing counsel along with a notice that the statement will be presented to the trial judge between fifteen and twenty days after filing, and (3) the trial judge signs the statement and the signed statement is filed in the office of the clerk.

Id. at 610.

"[O]nce the appellant has complied with the first two elements of Rule 5A:8(c), he or she has established *prima facie* compliance with the requirements of the rule." Id. Here, appellant timely filed her written statement of facts, but she did not include the requisite notice to appellee that the statement would be presented to the trial judge "no earlier than 15 days nor later than 20 days" after its filing. Rule 5A:8(c)(1). Because appellant "has not established *prima facie* compliance, we hold that a remand for compliance by the trial judge is inappropriate. Consequently, the statement of facts is not 'a part of the record.'" Clary v. Clary, 15 Va. App. 598, 600 (1993) (*en banc*) (quoting Mayhood v. Mayhood, 4 Va. App. 365, 369 (1987)).

In light of our determination that the statement of facts is not a part of the record, we must consider whether a transcript or statement of facts is indispensable to a determination of the assignment of error raised on appeal. See id.; Anderson v. Commonwealth, 13 Va. App. 506, 508-09 (1992); Turner v. Commonwealth, 2 Va. App. 96, 99-100 (1986). Appellant argues that

the circuit court erred in dismissing her complaint because the circuit court never acquired subject matter jurisdiction over the child custody, visitation, and child support matters in the divorce action and could not remand them to the JDR court. We find that a transcript or statement of facts is not indispensable to a review of appellant's assignment of error.

The circuit court found that appellant "falsely asserted" during the divorce matter that the JDR court had entered a child support order. It also found that appellant had asked the circuit court to refer all custody, visitation, and child support matters to the JDR court. The circuit court relied on appellant's assertions when it entered the final decree of divorce transferring the custody, visitation, and child support matters to the JDR court "for the enforcement of the orders of this Court, or for the modification or revision thereof as the circumstances may require."

Appellant subsequently filed a complaint for breach of contract with the circuit court and argued that appellee owed her child support under the agreement. She argued that the circuit court "had no legal authority" to transfer the custody, visitation, and child support matters to the JDR court for enforcement, modification, or revision. Appellant contends that "the pleadings in the divorce action did not confer upon [the circuit court] any jurisdiction over any matters involving support, thereby making the language in the decree of divorce . . . remanding those issues back to [the JDR court] a nullity and of no force and effect." She further argued that even if the circuit court had jurisdiction, it remanded the custody, visitation, and child support matters for enforcement, modification, and revision, but there were no support orders to remand and "[o]ne cannot transfer something that one does not have."

We find that appellant has taken inconsistent positions in the proceedings and that judicial estoppel applies to this matter. "Judicial estoppel is an equitable doctrine designed to prevent litigants from 'playing fast and loose with the courts . . . or blowing hot and cold depending on perceived self-interest.'" D'Ambrosio v. Wolf, 295 Va. 48, 58 (2018) (quoting

- 5 -

Wooten v. Bank of Am., N.A., 290 Va. 306, 310 (2015) (internal citation omitted)). "The 'fundamental' requirement for its application is that 'the party sought to be estopped must be seeking to adopt a position [of fact] that is inconsistent with a stance taken in a prior litigation.'" Id. (quoting Bentley Funding Group, L.L.C. v. SK&R Group, L.L.C., 269 Va. 315, 326 (2005)). "Additionally, if the inconsistent positions involve different proceedings, the parties to the proceedings must be the same, and the inconsistent position must have been relied upon by the court or prior court in rendering its decision." Id.

Here, the parties were the same in the divorce action and the breach of contract action. When the circuit court entered the final decree of divorce, it relied on appellant's representation that the JDR court had entered orders regarding custody, visitation, and child support. The circuit court found that the JDR court was "the more appropriate forum having jurisdiction" and referred the custody, visitation, and support matters to the JDR court. Appellant did not object to the entry of the final decree of divorce or the remand to the JDR court. Eight months later, appellant filed a breach of contract action with the circuit court and argued that appellee owed her child support under the agreement. In the breach of contract action, the circuit court found that appellant made false assertions during the divorce action and noted that the parties did "not dispute" that there was no JDR court order. Appellant argued to the circuit court in the breach of contract action that it could not transfer the support matters to the JDR court because there was no support order to transfer. Appellant is estopped from raising these arguments because they are inconsistent with her position in the divorce proceedings.

For the foregoing reasons, the circuit court's ruling is affirmed.

Affirmed.