UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges AtLee, Friedman and Senior Judge Clements

RILEY D. THORNOCK AND
 REBECCA J. THORNOCK

v.      Record No. 1755-22-3

BEDFORD COUNTY

MEMORANDUM OPINION[*]
PER CURIAM
MAY 23, 2023

FROM THE CIRCUIT COURT OF BEDFORD COUNTY
James W. Updike, Jr., Judge

(Riley D. Thornock; Rebecca J. Thornock, on briefs), *pro se*.
Appellants submitting on briefs.

(Patrick J. Skelley, II; Brandon K. Butler, on brief), for appellee.
Appellee submitting on brief.

Riley D. Thornock and Rebecca J. Thornock appeal the trial court's decision dismissing

their tort claims against Bedford County following an evidentiary hearing. The parties waived

argument in this case. *See* Code § 17.1-403(ii). Because the record does not contain a transcript or

written statement of facts documenting the evidentiary hearing, we are unable to address their

arguments on appeal. The trial court's judgment is affirmed.

BACKGROUND

We review the evidence "in the light most favorable to . . . the prevailing party at trial,"

disturbing the trial court's judgment only when "it is plainly wrong or without evidence to

support it." *Sidya v. World Telecom Exch. Communications, LLC*, 301 Va. 31, 37 (2022)

(quoting *Nolte v. MT Tech. Enters., LLC*, 284 Va. 80, 90 (2012)). On September 21, 2018,

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413.

Bedford County brought an action in circuit court seeking to enjoin the Thornocks from continuing to engage in alleged zoning and building code violations involving a warehouse they were operating as a "hotel/motel/motor lodge." The Thornocks did not file an answer but instead filed a "brief." On October 27, 2021, the trial court found that the Thornocks had violated the county and state building codes and ordered them to cease using the warehouse for residential purposes. The trial court continued the case to January 5, 2022, to allow the Thornocks to remedy the violations and to seek the necessary zoning approvals. The Thornocks then filed a counterclaim against the County alleging that the County had violated their constitutional rights, had interfered with their attempt to earn a livelihood, and had failed to provide necessary services.

On January 12, 2022, the trial court entered an order indefinitely enjoining the Thornocks from "offering or advertising the Property for residential and dwelling uses," and forbidding anyone other than the Thornocks and their family from residing there. The order also granted the Thornocks leave to amend their counterclaim. The Thornocks amended their counterclaim three times and alleged, among other things, that the County had been negligent in their enforcement of the building code and zoning ordinances, thereby inducing the Thornocks to invest further in development of the property and to sustain financial losses that culminated in their filing bankruptcy. The County filed pleas in bar, including a sovereign immunity defense, and demurred.

Following an evidentiary hearing and argument on October 3, 2022, the trial court dismissed the County's injunction action as moot because the Thornocks' property was "no longer being occupied, nor offered, for dwelling purposes of any kind." The trial court denied the County's sovereign immunity pleas in bar and demurrer to the Thornocks' counterclaim; however, it dismissed the Thornocks' counterclaim after finding that "the County was neither negligent nor grossly negligent, nor [guilty of] willful misconduct, in enforcing its building code and zoning ordinances." The Thornocks appeal.

ANALYSIS

"[W]hen evidence is presented 'on [a] plea ore tenus, the circuit court's factual findings are accorded the weight of a jury finding and will not be disturbed on appeal unless they are plainly wrong or without evidentiary support.'" *McBride v. Bennett*, 288 Va. 450, 454 (2014) (second alteration in original) (quoting *Hawthorne v. VanMarter*, 279 Va. 566, 577 (2010)). "Issues of negligence and proximate causation ordinarily are questions of fact for the [fact finder]'s determination." *Dorman v. State Indus., Inc.*, 292 Va. 111, 122 (2016) (quoting *Atkinson v. Scheer*, 256 Va. 448, 453-54 (1998).

The Thornocks contend the trial court erred by dismissing their counterclaim that the County acted improperly by issuing "illegal building and zoning permits" and by failing to engage in timely inspections with an open building permit.[1] They contend that the trial court dismissed their counterclaim with prejudice based on three findings: (1) "the County was neither negligent nor grossly negligent, nor did it commit willful misconduct, in enforcing its building code and zoning ordinances [with respect to] [the Thornocks'] property"; (2) "the County was not the proximate cause of the losses alleged by [the Thornocks]"; and (3) "there was no unconstitutional taking of the [Thornocks'] property."

The County, in turn, asserts that the Thornocks failed to perfect their appeal because their notice of appeal is fatally defective, depriving us of jurisdiction to consider the Thornocks' arguments. It also argues that the appeal should be dismissed because the record does not

---

[1] The Thornocks' assignment of error has evolved over their three amended opening briefs. The original assignment of error alleged that the trial court erred by dismissing the case for mootness and by holding that they had "fail[ed] to overcome the . . . restrictions of [s]overeign [i]mmunity." The record, however, reveals that the trial court ruled against the County, not the Thornocks, on the mootness and sovereign immunity issues. *See* Code § 17.1-405 (granting only "aggrieved part[ies]" the right to appeal to the Court of Appeals). Moreover, the most recent assignment of error does not seek review of a sovereign immunity ruling. Thus, those issues are not properly before the Court.

include a transcript or a properly filed statement of facts and because the Thornocks' opening brief does not comply with Rule 5A:20.

## I. Notice of Appeal

The County contends that the Thornocks' notice of appeal does not comply with Rule 5A:6(b) because it fails to state whether any transcripts, statement of facts, or other incidents of trial would be filed; moreover, it did not include a certificate "stating the required information" and "did not certify that a copy" was provided to opposing counsel.

"A litigant who seeks to appeal a judgment to . . . the Court of Appeals must file a notice of appeal." *Nicholson v. Commonwealth*, 300 Va. 17, 22 (2021). Before this Court may exercise jurisdiction over a case, the notice of appeal must be timely and must adequately identify the case being appealed; any other defects in the notice of appeal are "procedural" and subject to waiver. *Roberson v. Commonwealth*, 279 Va. 396, 407 (2010). "As its name indicates, 'the purpose of the notice of appeal is merely to place the opposing party on notice and to direct the clerk to prepare the record on appeal.'" *Nicholson*, 300 Va. at 22 (quoting *LaCava v. Commonwealth*, 283 Va. 465, 469 n.* (2012)). "Given the simple function of the notice of appeal, which is to provide notice, we have 'never required that a notice of appeal be precise, accurate, and correct in every detail before [an] appellate court can acquire jurisdiction over the case in which the notice is filed.'" *Id.* (quoting *Ghameshlouy v. Commonwealth*, 279 Va. 379, 391 (2010)). Thus, "a failure to strictly adhere to the certification of notice to other parties requirement of Rule 5A:6(d) [does] not bar the Court from obtaining jurisdiction over the appeal where other aspects of the record show[] that the party was advised that a timely notice of appeal had been filed." *Ghameshlouy*, 279 Va. at 392 (quoting *M.G. v. Albemarle Cnty. Dep't of Soc. Servs.*, 41 Va. App. 170, 177-78 (2003)); *see also M.G.*, 41 Va. App. at 178-79 (holding that

certificate could be supplemented with information supplied in cover letter and body of notice of appeal).

Here, the notice of appeal substantially complies with Rule 5A:6 because, even though the Thornocks did not include a certificate or a cover letter notifying the County of its notice of appeal, they did provide the County with a copy of "Motion to Waive Appeal Bond," filed on the same day as the notice of appeal. That motion included a certificate confirming that it was sent to counsel for the County. Moreover, the County's knowledge of the appeal is reflected in its timely filed brief in opposition and motion to dismiss the Thornocks' appeal. *See id.* at 177-78 (holding that "a failure to strictly adhere to the certification of notice to other parties requirement of Rule 5A:6(d) would not bar the Court from obtaining jurisdiction over the appeal where other aspects of the record showed that the party was advised that a timely notice of appeal had been filed"). Accordingly, we conclude that the defects in the notice of appeal are not fatal to our exercise of jurisdiction. Therefore, we deny the County's motion to dismiss the appeal on this basis.

## 2. Rule 5A:8

"Our review of an appeal is restricted to the record." *Oliver v. Commonwealth*, 35 Va. App. 286, 296 (2001). "The burden is upon the appellant to provide us with a record which substantiates the claim of error. In the absence thereof, we will not consider the point." *Jenkins v. Winchester Dep't of Soc. Servs.*, 12 Va. App. 1178, 1185 (1991). Rule 5A:8(a) requires that, for a transcript to be part of the record on appeal, it must be "filed in the office of the clerk of the trial court no later than 60 days after entry of the final judgment." Alternatively, an appellant may submit a written statement of facts in lieu of a transcript in compliance with Rule 5A:8(c). If the appellant fails to "ensure that the record contains transcripts or a written statement of facts

necessary to permit resolution of appellate issues, any assignments of error affected by such omission will not be considered."  Rule 5A:8(b)(4)(ii).

The record before us does not include a transcript from the October 3, 2022 evidentiary hearing on which the trial court based its October 11, 2022 final order.  Although the Thornocks timely filed a statement of facts in the trial court on November 14, 2022, the statement of facts did not provide notice to the County that it would be presented to the trial judge.  Nor was the statement signed by the trial judge, as required by Rule 5A:8(c).

"[A] written statement becomes a part of the record" if three conditions are met.  *Proctor v. Town of Colonial Beach*, 15 Va. App. 608, 610 (1993) (en banc) (citing Rule 5A:8(c)).  The first condition is that the statement is filed in the office of the clerk of the trial court within 60 days after entry of judgment.  Rule 5A:8(c)(1).  The second condition is that "a copy of the statement is mailed or delivered to opposing counsel along with a notice that the statement will be presented to the trial judge between fifteen and twenty days after filing."  *Proctor*, 15 Va. App. at 610.  The third condition is "the trial judge signs the statement and the signed statement is filed in the office of the clerk."  *Id.*  "[O]nce the appellant has complied with the first two elements of Rule 5A:8(c), he or she has established *prima facie* compliance with the requirements of the rule."  *Id.*  When an appellant has established *prima facie* compliance with Rule 5A:8(c)(1), "we will remand the case to the trial judge for appropriate action as required by Rule 5A:8(c)(2) or (d)."  *Id.* at 611.

Here, the Thornocks did not provide the County with the requisite notice that the statement of facts would be presented to the trial judge "no earlier than 15 days nor later than 20 days" after its filing.  Rule 5A:8(c)(1).  Because the Thornocks have failed to establish "*prima facie* compliance" with Rule 5A:8, they are not entitled to a remand for the trial judge to consider and sign the proposed statement of facts.  "[A] written statement of facts becomes a part of the record only if

all of the requirements of Rule 5A:8 are complied with by the parties and the trial judge." *Id.* at 508 (quoting *Mayhood v. Mayhood*, 4 Va. App. 365, 368-69 (1987)). Accordingly, neither a transcript nor a statement of facts is "part of the record" in this appeal. *Clary v. Clary*, 15 Va. App. 598, 600 (1993) (en banc) (quoting *Mayhood*, 4 Va. App. at 369).

We conclude that a transcript or statement of facts is indispensable to a determination of the Thornocks' assignment of error. Without them, we cannot ascertain whether the trial court's factual findings rejecting the Thornocks' tort claims are supported by the evidence, or whether the Thornocks preserved their arguments on appeal by presenting the same arguments to the trial court. *See Shiembob v. Shiembob*, 55 Va. App. 234, 246 (2009) (declining to consider arguments raised on appeal because arguments raised below "[we]re wholly contained within the untimely-filed transcript and are indispensable to the determination of th[e] issue [on appeal]"); Rule 5A:18 (an appellate court will only consider arguments that were timely raised in the trial court); *Nelson v. Commonwealth*, 71 Va. App. 397, 403 (2020) (recognizing that a party may not take inconsistent or contradictory positions during the course of litigation).

The Thornocks failed to ensure that the record contains the material necessary to permit the Court to resolve the assignment of error they present on appeal. *See* Rule 5A:8(b)(4)(ii). Therefore, we cannot consider it and affirm the trial court's judgment.[2] *See Browning v. Browning*, 68 Va. App. 19, 30 (2017) (holding that a Rule 5A:8 error requires affirmance rather than dismissal because it is non-jurisdictional).

---

[2] In light of our ruling, we need not address the County's argument that the appeal should be dismissed because the Thornocks' opening briefs fail to comply with Rule 5A:20. *See Butcher v. Commonwealth*, 298 Va. 392, 396 (2020) ("As we have often said, 'the doctrine of judicial restraint dictates that we decide cases on the best and narrowest grounds available.'" (quoting *Commonwealth v. White*, 293 Va. 411, 419 (2017))).

## CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

*Affirmed.*