COURT OF APPEALS OF VIRGINIA

Present: Judges O'Brien, Ortiz and Senior Judge Haley

MONTE L. LEWIS

MEMORANDUM OPINION[*]
v.      Record No. 0167-23-2                         PER CURIAM
OCTOBER 3, 2023

VATRESE SHARNISSA MYRICK

FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Claire G. Cardwell, Judge

(Misty D. Whitehead; JustLaw, PLLC, on brief), for appellant.

No brief or argument for appellee.[1]

Monte L. Lewis (father) appeals a visitation order that permits Vatrese Sharnissa Myrick

(mother) to relocate their shared children to Florida. Father argues that the circuit court erred in

finding that mother proved a material change in circumstances and modifying the existing court

order was in the children's best interests. Father also contends that the circuit court erred in finding

there was "an independent benefit" to the children supporting their relocation to Florida and that the

relocation was in the children's best interests. Finally, father asserts that the circuit court abused its

discretion in finding that the relocation would not cause "a significant adverse impact" to his

relationship with the children.

Father failed to comply with the notice requirements of Rule 5A:8(c) when he filed a

written statement of facts in lieu of a transcript and as such, the record on appeal is insufficient

for this Court to reach the issues father raises. Therefore, we affirm the circuit court's judgment.

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] The children's guardian ad litem, Stephanie S. Henkle, submitted a letter notifying the
Court of her support for Vatrese Sharnissa Myrick in this appeal. Rule 5A:19(d).

After examining the brief and record in this case, the panel unanimously holds that oral argument is unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a).

BACKGROUND[2]

Father and mother are the biological parents to two minor children, who were five and six years old at the time of the circuit court hearing. On November 18, 2021, the City of Richmond Juvenile and Domestic Relations District Court (the JDR court) awarded joint legal custody to the parties and primary physical custody to mother. In addition to establishing a summer and holiday schedule, the JDR court held that father could visit with the children every other weekend and on Wednesday evenings.

On July 15, 2022, mother notified the JDR court that she intended to relocate with the children to Florida in less than one month. Upon learning of mother's pending relocation, father moved to amend visitation, enjoin mother from relocating with the children, and schedule an emergency hearing. On August 8, 2022, the JDR court entered an order, modifying father's visitation to one weekend per month and the summer, defined as the second week of summer break until the weekend before school starts. The JDR court held that mother was responsible for the transportation and that all other provisions in the previous visitation order remained in full force and effect. Father appealed the JDR court's rulings, and mother and the children moved to Florida.

Three days before the circuit court hearing, father moved to stay the JDR court's judgment and requested that the circuit court order mother to return the children to Virginia. After the parties presented their evidence and arguments at the hearing, father filed a written brief in support of his

---

[2] The record in this case was sealed. "[T]his appeal requires unsealing certain portions to resolve the issues raised by the parties. To the extent that certain facts mentioned in this opinion are found in the sealed portions of the record, we unseal only those portions." *Mintbrook Devs., LLC v. Groundscapes, LLC*, 76 Va. App. 279, 283 n.1 (2022).

motion to amend visitation, requesting that the circuit court enjoin the children's move to Florida and order that they "immediately" return to Virginia.[3]

On December 29, 2022, the circuit court entered a final order, denying father's motion to stay and permitting mother to relocate the children to Florida. The circuit court considered the children's best interests, the Code § 20-124.3 factors, and the "independent benefit of relocation to the minor children." Upon consideration thereof, the circuit court found that relocation was in the children's best interests because of the "increased financial stability" through mother's increased salary and the "more affordable" cost of living, as well as the educational opportunities available to the children with an "improved school district" and "specialized school programs." In addition, the circuit court found that the evidence demonstrated that there was an "independent benefit" to the children to relocate and visitation could "be shaped" so there would not be a "significant adverse impact" to father. The circuit court then ordered that father could visit with the children one weekend every other month and mother would be responsible for the costs of visitation. The circuit court also established a holiday and summer visitation schedule. Father appeals.

ANALYSIS

"On appeal, we presume the judgment of the trial court is correct and the burden is on the appellant to present to us a sufficient record from which we can determine whether the trial court has erred[.]" *Bay v. Commonwealth*, 60 Va. App. 520, 528 (2012); *see also Mintbrook Devs., LLC v. Groundscapes, LLC*, 76 Va. App. 279, 285 n.2 (2022) (same).

A transcript or properly filed written statement of facts in lieu of a transcript is indispensable for a review of father's assignments of error on appeal. *See Bay*, 60 Va. App. at 528-29. "When the appellant fails to ensure that the record contains transcripts or a written

---

[3] There is no transcript of the circuit court hearing, and the record does not include a properly filed written statement of facts in lieu of a transcript. Rule 5A:8(c).

statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission will not be considered." Rule 5A:8(b)(4)(ii).

On February 27, 2023, father filed a written statement of facts in lieu of a transcript, but the trial judge did not sign it. "[A] written statement becomes a part of the record" if three conditions are met. *Proctor v. Town of Colonial Beach*, 15 Va. App. 608, 610 (1993) (en banc) (citing Rule 5A:8(c)). These conditions include: (1) that the written statement of facts is filed in the clerk's office of the circuit court within 60 days after entry of judgment, (2) that "a copy of the statement is mailed or delivered to opposing counsel along with a notice that the statement will be presented to the trial judge between fifteen and twenty days after filing," and (3) that "the trial judge signs the statement and the signed statement is filed in the office of the clerk." *Id.* "[O]nce the appellant has complied with the first two elements of Rule 5A:8(c), he or she has established *prima facie* compliance with the requirements of the rule." *Id.*

Here, although father timely filed his written statement of facts in lieu of a transcript, he did not provide mother or the guardian ad litem with the requisite notice that the statement of facts would be presented to the trial judge "no earlier than 15 days nor later than 20 days" after its filing. Rule 5A:8(c)(1). Because father failed to establish prima facie compliance, he is not entitled to a remand for the trial judge to consider and sign the proposed written statement of facts in lieu of a transcript. "Consequently, the statement of facts is not 'a part of the record.'" *Clary v. Clary*, 15 Va. App. 598, 600 (1993) (en banc) (quoting *Mayhood v. Mayhood*, 4 Va. App. 365, 369 (1987)).

Father relies on the evidence presented at the circuit court hearing to support his arguments that the circuit court erred in finding that there had been a material change in circumstances since the last visitation order, the relocation was in the children's best interests, there was an "independent benefit" to the children in relocating, and his relationship with the

children would not be adversely impacted. Without a transcript or written statement of facts in lieu of a transcript, we cannot ascertain whether the evidence supports the circuit court's findings regarding the relocation. Moreover, with no record of the arguments father made or the positions he took at the circuit court hearing, we cannot know whether he presented the specific arguments to the circuit court which he advances on appeal. *See* Rule 5A:18 (requiring that an appellate court consider only arguments that were timely raised in the trial court). We also have no way to evaluate whether his appellate argument repudiates a position that he may have taken in the circuit court. *Nelson v. Commonwealth*, 71 Va. App. 397, 403 (2020) (recognizing that a party may not take inconsistent positions during the course of litigation). Certainly, we cannot say whether the circuit court abused its discretion as father claims.

We conclude that a transcript, or a written statement of facts in lieu of a transcript, from the circuit court hearing is indispensable to deciding father's assignments of error. *See Bay*, 60 Va. App. at 528-29; *Shiembob v. Shiembob*, 55 Va. App. 234, 246 (2009); *Anderson v. Commonwealth*, 13 Va. App. 506, 508-09 (1992); *Turner v. Commonwealth*, 2 Va. App. 96, 99-100 (1986). "If . . . the transcript [or statement of facts] is indispensable to the determination of the case, then the requirements for making the transcript [or statement of facts] a part of the record on appeal must be strictly adhered to." *Veldhuis as Tr. of Nancy C. Veldhuis Revocable Living Tr. v. Abboushi*, 77 Va. App. 599, 606-07 (2023) (alterations in original) (quoting *Bay*, 60 Va. App. at 528). Father did not satisfy the requirements to make his written statement of facts part of the record in this case. Accordingly, father's arguments are waived. Rule 5A:8(b)(4)(ii).

CONCLUSION

For the foregoing reasons, the circuit court's judgment is affirmed.

*Affirmed*.